**PRUDENTIAL INSURANCE COMPANY OF AMERICA,**

v.

**LaJuanda J. NEAL, Gay Harris as Legal Guardian of LaRonika M. Neal, Demetria Dean as Next Friend of Tanika Neal, Sheila M. Stokes as Next Friend of Ronnie D. Neal, Jr., and Taliaferro Neal, Administrator of the Estate of Margie E. Neal.**

Civ. A. No. A–88–CA–691.

United States District Court,
W.D. Texas,
Austin Division.

June 14, 1991.

Bobbie Edmons, Ft. Worth, for Demetria Dean, As Next Friend of Tanika Neal, claimant and Sheila M. Stokes, As Next Friend of Ronnie D. Neal, Jr., claimant.

Stephanie A. Flowers, Houston, Tex., for Taliaferro Neal, Adm'r of the Estate of Margie E. Neal, deceased.

W. Gary Fowler, Small, Craig & Werkenthin, Austin, Tex., ad litem, for claimant LaRonika Neal.

## OPINION AND ORDER GRANTING SUMMARY JUDGMENT

JOHNSON, Circuit Judge, Sitting by Designation.

This matter is before the court on the motions for summary judgment filed by each of the remaining parties to this action: LaRonika M. Neal by her attorney ad litem W. Gary Fowler, Ronnie D. Neal by his next friend Sheila M. Stokes, Tanika Neal by her next friend Demetria Dean, and Taliaferro Neal, Administrator of the estate of Margie E. Neal.[1] After carefully

---

1. Although Ronnie and Tanika Neal appear by next friends, for ease of reference they will be referred to here by their own names. Similarly, while LaRonika Neal is represented by an attor-

reviewing and considering all of the briefs and supporting material filed by the parties in support of their motions for summary judgment and in opposition to their adversaries' motions for summary judgment, the court rules that the motions for summary judgment filed by LaRonika Neal and Taliaferro Neal, as administrator of the estate of Margie E. Neal, shall be GRANTED, and the motions of Tanika Neal and Ronnie D. Neal, Jr., shall be DENIED.

On March 9, 1991 the court entered proposed findings of fact and directed the parties to make known any objections to those proposed findings. The time for filing objections has passed and no objections have been made. Ronnie and Tanika Neal have proposed additional findings of fact, relating to whether or not any parties timely filed claims to the proceeds of the life insurance policy at issue here. The court need not determine, however, whether such facts are undisputed, as they are not necessary to the resolution of this case, and therefore are not material. *See* Fed. R.Civ.P. 56(c). Therefore, in accordance with Fed.R.Civ.P. 56(c) and the previous order of this court setting forth findings of fact, the court finds that there is no genuine dispute as to the material facts of this case, and that judgment is appropriate as a matter of law. *Id.*

## I. FINDINGS OF FACT

1. Prudential Insurance Company of America issued to Ronnie DeWayne Neal, Sr., a serviceman's life insurance policy in the amount of $50,000.

2. In his policy of life insurance, Ronnie DeWayne Neal, Sr. named his wife, LaJuanda J. Neal, as primary beneficiary.

3. In his policy of life insurance, Ronnie DeWayne Neal, Sr. named his mother, Margie E. Neal, and his daughter, LaRonika M. Neal, as contingent beneficiaries, each to receive one half of the proceeds of the policy.

ney ad litem, she will be referred to by her own name as well.

**2.** Because it was a disinterested stakeholder, Prudential was dismissed from this action by an

4. Ronnie DeWayne Neal, Sr. was shot and killed by his wife, LaJuanda J. Neal, on July 22, 1986.

5. In connection with the death of Ronnie DeWayne Neal, Sr., LaJuanda J. Neal was convicted in Texas state court of the crime of involuntary manslaughter, and received a ten year suspended sentence.

6. Prudential Insurance Company of America timely and properly instituted this interpleader action on August 24, 1988, depositing with the court the proceeds of the life insurance policy, plus interest thereon from the date of Ronnie DeWayne Neal, Sr.'s death.

7. Prudential Insurance Company of America claims no interest in the proceeds of the policy.[2]

8. The claimants to the proceeds of the policy are:

 a) Taliaferro Neal, as administrator of the estate of Margie E. Neal,

 b) LaJuanda J. Neal, the widow of Ronnie DeWayne Neal, Sr.,

 c) LaRonika M. Neal, represented here by an attorney ad litem,

 d) Tanika Neal, by her next friend Demetria Dean, and

 e) Ronnie D. Neal, Jr., by his next friend Shiela M. Stokes.

9. LaRonika M. Neal, Tanika Neal, and Ronnie D. Neal, Jr., are each natural children of Ronnie DeWayne Neal, Sr., and are the only children of Ronnie DeWayne Neal, Sr.

10. Margie E. Neal, the mother of Ronnie DeWayne Neal, Sr., was a resident of San Antonio, Texas at the time this action was filed.

## II. CONCLUSIONS OF LAW

1. Federal law governs this case.

 Because the life insurance policy held by Mr. Neal was a serviceman's life insurance policy issued pursuant to the federal Servicemen's Group Life Insurance Act ("SGLIA"), 38 U.S.C.A. § 770 (West

order of this court granting partial summary judgment on March 9, 1991. Accordingly, Prudential is no longer a party to this action.

1979 & Supp.1991), distribution of the proceeds of that policy is governed by federal law. *See, e.g., Ridgway v. Ridgway,* 454 U.S. 46, 60, 102 S.Ct. 49, 57, 70 L.Ed.2d 39 ("the controlling provisions of the SGLIA prevail over and displace inconsistent state law") (1981).

2. Under federal law, the beneficiaries designated by the service member have the highest claim to the proceeds of the policy.

■ Section 770(a) of the SGLIA establishes the priorities for payment of life insurance proceeds. The highest priority is given to the beneficiary or beneficiaries designated by the holder of the policy: the statute provides that when distributing the proceeds of the policy, first precedence is accorded "to the beneficiary or beneficiaries as the member or former member may have designated...." 38 U.S.C.A. § 770(a). As Judge Tate once explained for the Fifth Circuit, in enacting the SGLIA Congress "regarded the serviceman's intended designation of beneficiary as the paramount consideration." *Prudential Ins. Co. of America v. Smith,* 762 F.2d 476, 480 (5th Cir.1985). *See also Ridgway,* 454 U.S. at 56, 102 S.Ct. at 55 ("the insured service member possesses the right freely to designate the beneficiary and to alter that choice at any time ...").

3. LaJuanda J. Neal is barred from recovery.

■ LaJuanda J. Neal, the wife of Ronnie DeWayne Neal, Sr., is the named primary beneficiary and would ordinarily be entitled to receive all of the proceeds of the policy. On the facts of this case, however, she may not recover any portion of the proceeds. LaJuanda J. Neal shot and killed her husband; she is barred by federal law from benefitting from her misdeed. In a case similar to this one—one in which a holder of a life insurance policy authorized by the National Service Life Insur-

ance Act of 1940 was killed by the named beneficiary—the Fourth Circuit held that "[f]ederal law recognizes that the beneficiary's claim is barred by the equitable defense: 'No person should be permitted to profit from his own wrong.'" *Prudential Ins. Co. of America v. Tull,* 690 F.2d 848, 849 (4th Cir.1982). *See also Shoemaker v. Shoemaker,* 263 F.2d 931, 932 (6th Cir. 1959).

■ Indeed, the statute itself recognizes that in the case of a "person otherwise entitled to payment under this section ..., if payment to such person is prohibited by Federal statute or regulation, payment may be made in the order of precedence as if such person had predeceased the member." 38 U.S.C.A. § 770(b). The court concludes that this provision applies not just to a person who is barred from recovery by a federal statute or regulation, but also to a person who is barred from recovery by the equitable principle that no one should benefit by her own wrong. Accordingly, the court will treat LaJuanda J. Neal as though she predeceased her husband and will not award any portion of the proceeds to her.[3]

4. After LaJuanda J. Neal, next preference must be accorded to the contingent beneficiaries, LaRonika Neal and Margie Neal.

■ Because LaJuanda J. Neal cannot take the proceeds of the policy, the court holds that the proceeds should be distributed to the named contingent beneficiaries, Margie E. Neal and LaRonika M. Neal, in the proportions set by the insured—one half to each. Although the statute does not explicitly refer to contingent beneficiaries, it does indicate that the proceeds are to be paid to the beneficiary *or beneficiaries* as the member may have designated. 38 U.S.C.A. § 770(a). Because the insured designated LaRonika Neal and Margie Neal as beneficiaries, even though only as contingent beneficiaries, the court con-

---

**3.** Alternatively, the court notes that LaJuanda J. Neal cannot recover any of the proceeds of the policy of life insurance at issue here because she has failed to answer the interpleader complaint or otherwise appear in this action. According-

ly, it would be proper to enter a default judgment against her. *See* Fed.R.Civ.P. 55. The court, however, declines to enter a default judgment, and instead will rule on the merits of the action.

cludes that they must receive the proceeds of the policy. In addition to the language of the statute, several other considerations persuade the court that this distribution is the correct one.

Initially, distributing the proceeds to the named contingent beneficiaries honors the wishes of the service member, in accord with Congress' intent and as required by Fifth Circuit precedent. Mr. Neal left his insurance proceeds to his wife, or, if she could not take them, to his mother and eldest daughter. His designation of beneficiaries must be given effect. Second, the policy form on which Mr. Neal designated both a principal and contingent beneficiaries explains that "[i]f there is no surviving principal beneficiary the proceeds shall be distributed equally to the surviving contingent beneficiaries." Thus, even if the language of the SGLIA did not explicitly require that the proceeds be distributed to the contingent beneficiaries, it appears that the language of the policy does so require. Finally, although the policy indicates that the contingent beneficiaries shall take only upon the death of the principal beneficiary, the court concludes that the crucial fact that entitles the contingent beneficiaries to recover the proceeds is the inability of the principal beneficiary to take the proceeds, whether due to death or any other disability. *See United States v. Foster*, 238 F.Supp. 867, 868 (E.D.Mich.1965). In sum, the court holds that the statute, the terms of the policy, and Fifth Circuit precedent require that the proceeds of the policy be paid to the contingent beneficiaries.

5. Even if LaRonika Neal and Margie Neal failed to make claims to the proceeds within one year of the insured's death, they are still entitled to the proceeds of the policy.

█ The fact that neither LaRonika Neal nor Margie Neal may have made a claim to the proceeds within a year of Mr. Neal's death does not prohibit them from receiving the proceeds. Counsel for Mr. Neal's other two children, Tanika and Ronnie, Jr., argues strenuously that the contingent beneficiaries failed to file timely claims with Prudential and that they are therefore barred from recovering the proceeds. The court has reviewed this argument carefully and concludes that it must be rejected.[4]

Counsel for Mr. Neal's two youngest children, Tanika and Ronnie, Jr., relies on 38 U.S.C.A. § 770(b). That section provides, in its entirety:

(b) If any person otherwise entitled to payment under this section does not make claim therefor within one year after the death of the member or former member, or if payment to such person within that period is prohibited by Federal statute or regulation, payment may be made in the order of precedence as if such person had predeceased the member or former member, and any such payment shall be a bar to recovery by any other person.

38 U.S.C.A. § 770(b) (West 1979).[5] Counsel for Tanika and Ronnie Neal argues that neither LaRonika Neal nor Margie Neal made any claim to the proceeds of the policy within a year of Mr. Neal's death, so that payment should be made as though LaRonika and Margie Neal had predeceased Mr. Neal. If the court were to follow such a suggestion, then the proceeds would be distributed in accord with the preferences set out in the statute, "to the child or children of [the] member...." 38 U.S.C.A. § 770(a).

█ Although initially plausible, this argument must ultimately fail. First, it is clear to the court that § 770(b) is designed primarily for the protection of the insurer,

---

**4.** It should be noted that, as a matter of fact, it is not at all clear to the court that LaRonika Neal and Margie Neal failed to file claims. After the death of her father, LaRonika, through her legal guardian, had at least had some contact with Prudential regarding the proceeds of the policy. While it is not clear whether her contact with Prudential constituted a "claim," the court finds it unnecessary to resolve the question. Even if LaRonika and Margie Neal did not make valid claims to the proceeds, they are not barred from recovery.

**5.** The version of this statute set out in the brief of Tanika and Ronnie Neal differs significantly from the version in the court's copy of the U.S.C.A.

not potential claimants. That is, the section provides that if someone entitled to the proceeds fails to claim them within one year, the insurer *may* pay the proceeds to next person or persons given precedence by the statute. If the insurer makes such a payment, the statute provides that "such payment shall be a bar to recovery by any other person," so that the insurer will not have any liability to the person who failed to make a claim. The statute does *not* compel the insurer to make such a payment; it provides only that payment *may* be made, and if it is, the insurer will not remain liable to any party failing to make a claim. Thus, by its terms the provision of the statute dealing with failure to make a claim does not apply to a case like this one, in which no payment has been made.

Second, the interpretation of § 770(b) advocated by counsel for Tanika and Ronnie would lead to absurd results. Counsel for Tanika and Ronnie asserts that none of the potential claimants filed timely claims to the proceeds; since Tanika and Ronnie themselves filed no claims, by their counsel's reasoning every potential claimant, including themselves, would be barred from recovery. In sum, the court holds that even if LaRonika Neal and Margie Neal failed to make timely claims to the proceeds, they are not barred from recovery in the circumstances of this case.

6. Although an interpleader action is equitable in nature, the court is bound to distribute the proceeds as required by law.

 Finally, counsel for Tanika and Ronnie Neal argues that since an interpleader action is equitable in nature, the proceeds of the policy should be distributed equitably. This argument makes too much of the equitable nature of an interpleader action. This court is not free, even when sitting in equity, to disregard applicable federal statutes and case law. To do so would effectively render those statutes and precedents null and void. The court is fully sympathetic to the claims of Mr. Neal's youngest children; if it were free to do so, the court might well be inclined to distribute the money equally among all of the children. The law is clear, however, that the serviceman is to decide to whom the proceeds shall be paid, and Mr. Neal chose his wife, his mother, and one of his children. This court cannot and will not cast aside his choice and substitute its own notions of what a good parent would have done. The money must go to LaRonika Neal and the estate of Margie Neal.

### III. CONCLUSION

In light of the foregoing findings of fact and conclusions of law, the court holds that LaRonika M. Neal and Taliaferro Neal, in his capacity as administrator of the estate of Margie E. Neal, are each entitled to one-half of the proceeds of the policy issued on the life of Ronald DeWayne Neal through the Serviceman's Group Life Insurance Act. Those proceeds have been deposited into the registry of this court, and shall be paid to LaRonika M. Neal and Taliaferro Neal, in his capacity as administrator of the estate of Margie E. Neal, after deduction of all allowable court costs and expenses, including the reasonable attorney's fees of the attorney ad litem. An appropriate final judgment will be entered with this order.

Further, IT IS ORDERED that W. Gary Fowler, attorney ad litem for LaRonika M. Neal, shall file with the court by June 24, 1991 his application for reasonable attorney's fees and costs. The other parties hereto shall have until July 12, 1991 to file any response to the application for attorney's fees and costs.