BALDOCK, Circuit Judge.
 

 Defendant-appellant Carol Elizabeth Za-wrotny, as personal representative of the estate of Carrol Clint Ballard, appeals the district court’s ruling entitling plaintiff-ap-pellee Paula Raye Brewer to the proceeds of a life insurance policy on Ballard’s life. The essential facts in this case are undisputed. Ballard, a retired Air Force officer, held a life insurance policy issued by Prudential Insurance Company pursuant to the Servicemen’s Group Life Insurance Act, 38 U.S.C. §§ 1965-1979 (SGLIA). After their marriage, Ballard designated Brewer as the beneficiary of the policy proceeds. The marriage was short-lived, and Ballard died sixteen days after their divorce was final. At no time after the divorce or before his death did Ballard attempt to change the beneficiary designation.
 

 The conflict in this case arises between the application of federal law, the SGLIA, and state law, namely Okla.Stat.Ann. tit. 15, § 178 (West 1966 & Supp.1992). The SGLIA provides that proceeds of a policy issued pursuant to the SGLIA shall be paid “to the beneficiary or beneficiaries as the member ... may have designated by a writing received prior to death____” 38 U.S.C. § 1970(a). Application of the SGLIA would entitle Brewer, as the last designated beneficiary, to the proceeds of Ballard’s life insurance policy. We also note that, in the absence of a designated beneficiary, the SGLIA provides an ordered listing of persons to whom the proceeds are to be paid. Oklahoma law provides that, should an insured die after divorcing the named beneficiary under a life insurance policy, “all provisions in such contract in favor of the decedent’s former spouse are thereby revoked.” Okla.Stat.Arin. tit. 15, § 178 A. Application of Oklahoma law would invalidate Ballard’s designation of Brewer as beneficiary and, under the listed provisions of the SGLIA, the proceeds of Ballard’s life insurance policy would be paid to Zawrotny, as the administrator of Ballard’s estate.
 

 On cross-motions for summary judgment, the district court ruled that the SGLIA preempts application of the Oklahoma statute, relying on
 
 Ridgway v. Ridgway,
 
 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981). The court granted summary judgment to Brewer.
 
 [1]
 
 Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. We review the district court’s
 
 *1206
 
 grant of summary judgment de novo, applying the same legal standards used by that court.
 
 Applied, Genetics Int’l, Inc. v. First Affiliated Sec., Inc.,
 
 912 F.2d 1238, 1241 (10th Cir.1990). Where there are no genuine issues of material fact, as in this case, we must determine whether, viewing the record in a light favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.
 
 See Celo-tex Corp. v. Catrett,
 
 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986);
 
 Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.,
 
 938 F.2d 1105, 1110 (10th Cir.1991).
 

 Zawrotny challenges the district court’s ruling that the SGLIA preempts application of the Oklahoma statute, arguing 1) the SGLIA does not conflict with Oklahoma law, because the state statute allows an insured to override the revocation by expressing an intention to retain a former spouse as the designated beneficiary, 2)
 
 Ridgway
 
 is distinguishable and, therefore, not dispositive, 3) this case involves an “extreme fact situation”, constituting equitable justification to depart from application of the SGLIA provisions, and 4) the underlying purpose of the SGLIA, to provide security for dependents or parents of the insured, would not be served by its application in this case to the exclusion of the Oklahoma statute.
 

 Even where Congress has not completely displaced state [law] in a specific area, state law is nullified to the extent that it actually conflicts with federal law. Such a conflict arises when ‘compliance with both federal and state [law] is a physical impossibility,’
 
 Florida Lime & Avocado Growers, Inc. v. Paul,
 
 373 U.S. 132,142-43 [83 S.Ct. 1210, 1217, 10 L.Ed.2d 248] (1963), or when state law ‘stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress,’
 
 Hines v. Davidowitz,
 
 312 U.S. 52, 67 [61 S.Ct. 399, 404, 85 L.Ed. 581] (1941).
 

 Fidelity Fed. Sav. & Loan Ass’n v. de la Cuesta,
 
 458 U.S. 141, 153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982). While various theories can be propounded to harmonize the Oklahoma statute with the SGLIA provisions and legislative history in this case, Zawrotny’s narrow analysis and her attempts to distinguish
 
 Ridgway
 
 on its facts miss the mark. Application of Oklahoma law would result in the proceeds going to Ballard’s estate; application of federal law would result in the proceeds going to Brewer. Accordingly, the two statutes are in conflict, and federal law preempts application of the Oklahoma statute.
 

 We are not alone in construing the SGLIA strictly to preempt application of a state law which would result in the distribution of insurance, proceeds to persons other than those designated by the insured.
 
 [2]
 

 See, e.g., Ridgway,
 
 454 U.S. at 53-57, 60, 102 S.Ct. at 54-56, 57 (“the controlling provisions of the SGLIA prevail over and displace inconsistent state law”);
 
 O’Neal v. Gonzalez,
 
 839 F.2d 1437, 1440 (11th Cir.1988) (“Congress intended to establish ... an inflexible rule that the beneficiary designated in accordance with the statute would receive the policy proceeds, regardless of other documents or the equities in a particular case.”);
 
 Stribling v. United States,
 
 419 F.2d 1350, 1354 (8th Cir.1969) (“Congress intended the beneficiary designation provisions of [the FEG-LIA] to be strictly construed. By analogy, we implant that same construction upon [the SGLIA].”);
 
 Prudential Ins. Co. of Am. v. Neal,
 
 768 F.Supp. 195, 197-98 (W.D.Tex.1991) (“distribution of the proceeds of [the SGLIA policy] is governed by federal law”);
 
 Mercier v. Mercier,
 
 721 F.Supp. 1124, 1126 (D.N.D.1989) (“Congress appears to have intended that the beneficiary properly designated by the insured, in writing and received by the employing office, was to take precedence over any other potential beneficiary, regardless
 
 *1207
 
 of whether the nondesignated individual might have a valid claim under state law.”);
 
 cf. Ward v. Stratton, 795
 
 F.Supp. 289, 292-93 (E.D.Mo.1992) (insured’s written instructions changing his beneficiary designation satisfied SGLIA requirements, even though final form received after insured’s death).
 

 In light of the facts contained in these cases, we disagree with Zawrotny that this case is an “extreme fact situation,” demanding an exception to strict application of the SGLIA provisions.
 
 [3]
 

 See O’Neal,
 
 839 F.2d at 1440 (“while the result may be harsh, the language and intent of the statute are clear”),
 
 cf. Prudential,
 
 768 F.Supp. at 198 (named beneficiary barred from recovering SGLIA policy proceeds where she killed insured). Similarly, based on these authorities, we conclude that the purposes of the SGLIA are best served by strict compliance with the provisions enacted by Congress.
 
 See Ridgway,
 
 454 U.S. at 63, 102 S.Ct. at 59;
 
 O’Neal,
 
 839 F.2d at 1440.
 

 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 

 [1]
 

 . Zawrotny also moved for certification to the Oklahoma Supreme Court or for the district court to stay its decision pending resolution of a state action on a separate, non-SGLIA, life insurance policy held by Ballard. The district court denied these motions. While Zawrotny's brief states that "this Court could accept the state trial court's decision or adopt the Oklahoma Supreme Court’s interpretation once it is rendered,” Appellant’s Brief at 5, she does not challenge the district court’s denial of these motions on appeal or request certification before this court.
 
 See Nunez-Pena v. INS,
 
 956 F.2d 223, 225 n. 4 (10th Cir.1992) (litigant who mentions point in passing without argument or authority in support forfeits the point).
 

 [2]
 

 . Several of these cases deal with insurance issued pursuant to the Federal Employees’ Group Life Insurance Act (FEGLIA). Because the language of the FEGLIA and the SGLIA are very similar, cases construing each of these statutes are often used in examining the other.
 
 See, e.g., Metropolitan Life Ins. Co. v. McMorris ex rel. McMorris,
 
 786 F.2d 379, 380 (10th Cir.1986)
 
 (Ridgway
 
 dispositive of claim involving a FEGLIA policy);
 
 Mercier v. Mercier,
 
 721 F.Supp. 1124, 1126 (D.N.D.1989) (discussing several cases under both the FEGLIA and the SGLIA).
 

 [3]
 

 . The bases for this argument appear to be the short time spans between Ballard’s marriage to Brewer, their divorce and his death, and Za-wrotny’s unsupported allegations that Ballard would not have intended Brewer to have the proceeds of his SGLIA policy following their divorce. Appellant’s Brief at 11-12.