## METROPOLITAN LIFE INSURANCE COMPANY

v.

### Clarence PRITCHETT, et al.

### Civ. A. No. WN–93–3615.

United States District Court,
D. Maryland.

Jan. 12, 1994.

James Frederick Bromley, and Bromley, Greene & Walsh of Washington DC, for plaintiff, Metropolitan Life Ins. Co.

André R. Weitzman and Bernard I. Pollock, Baltimore, MD, for defendants Lisa M. Stewart and Thomasina M. McCoy.

*MEMORANDUM*

NICKERSON, District Judge.

*BACKGROUND*

Plaintiff seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, as to the rightful beneficiary of life insurance benefits which are payable under the Federal Employees' Group Life Insurance Act ("FEGLI") as codified in 5 U.S.C. §§ 8701–8716. Subject matter jurisdiction is based upon federal question and also upon diversity of citizenship with the amount of controversy exceeding $50,000.

The United States Office of Personnel Management purchased group life insurance for eligible federal civilian employees from Plaintiff Metropolitan Life ("MetLife"). The insured, a civilian employee of the federal government, died on October 1, 1991 without completing a designation of beneficiary.

The insured is survived by her widower, Defendant Pritchett and her two children, Co–Defendants Lisa Stewart and Thomasina McCoy. Under the FEGLI program, benefits are payable in the following Order of Precedence:

First: to designated beneficiaries;

Second: if there is no designated beneficiary, to the widow or widower of the employee;

Third: if none of the above, to the child or children of the employee. 5 U.S.C. § 8705(a).

On or about January 8, 1993, the Court of Anne Arundel County, Maryland, accepted Defendant Pritchett's plea of guilty to second degree murder of the insured and convicted him. While Pritchett has a right to the FEGLI proceeds as a widower of the insured under the statute's Order of Precedence, the two children claim that Pritchett has forfeited his right to the proceeds because he was convicted of murdering the insured.

On December 10, 1993, the Court entered a Default Judgment in favor of Plaintiff against Defendant Pritchett for want of an answer or other defenses. Pending before the Court is Plaintiff's request for judgment declaring: (1) that Defendant Pritchett has forfeited his rights to receive the FEGLI proceeds, (2) that Co–Defendants Stewart and McCoy are entitled to the FEGLI proceeds as children of the insured, (3) that Defendants and all other persons are restrained and enjoined from instituting or prosecuting any proceedings affecting the FEGLI proceeds, and (4) that MetLife, upon payment of the FEGLI proceeds payable on account of the death of the insured, is discharged from any and all liability for any FEGLI proceeds. Upon review of the complaint for declaratory judgment and the applicable case law, the Court determines that a hearing is not necessary (Local Rule 105.6) and that Plaintiff's request will be granted.

*DISCUSSION*

The Declaratory Judgments Act, 28 U.S.C. § 2201(a), provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The exercise of jurisdiction under the Act is not compulsory. *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). In its discretion, the Court must be satisfied that declaratory relief is appropriate. *North East Insurance Company v. Northern Brokerage Company,* 780 F.Supp. 318, 320 (D.Md.1991) (citing *White v. National Union Fire Insurance Co.,* 913 F.2d 165, 167 (4th Cir.1990)). To ascertain appropriateness, the Court should ask: "(1) whether the judgment will serve a useful purpose in clarifying the legal relations in issue; or (2) whether the judgment will terminate and afford relief from the un-

**1008**

certainty, insecurity, and controversy giving rise to the proceeding." *Id.* (citing *White,* 913 F.2d at 168).

Federal law recognizes the equitable principle that "[n]o person should be permitted to profit from his own wrong." *Prudential Insurance Company of America v. Tull,* 690 F.2d 848, 849 (4th Cir.1982).[1] In *Tull,* an insurer asked the court to determine whether the insurer should pay proceeds of the life insurance policy to the deceased insured's widow, who had murdered him, or to his children. The Fourth Circuit affirmed the district court's decision to award the proceeds of the life insurance policy to the insured's children, rather than to the widow. *Id.*

The equitable maxim that one should not profit by his own wrongdoing is known as the "Slayer's Rule." This Rule is a universally recognized principle of justice and morality. Indeed, it is well established in Maryland, and in 43 other states, that a "person who kills another" may not "collect the proceeds as a beneficiary under a policy of insurance on the decedent's life when the homicide is felonious and intentional." *Ford v. Ford,* 307 Md. 105, 111, 512 A.2d 389 (1986).

In the present case, the insured did not designate a beneficiary and under the Order of Precedence, her widower is entitled to the proceeds. However, case authority and public policy prohibit Defendant Pritchett from recovering proceeds under the insured's life insurance policy.

*CONCLUSION*

The Court determines that by virtue of his plea and conviction for the second degree murder of the insured, Defendant Pritchett has forfeited his rights to any proceeds under the insured's life insurance policy. Accordingly, the Court finds that the insured's two children are entitled to the proceeds from the insured's life insurance policy. A separate Order will issue.

1. It was previously recognized by this court in *United States v. Burns,* 103 F.Supp. 690 (D.Md.), *aff'd,* 200 F.2d 106 (4th Cir.1952) (per curiam),

*ORDER*

In accordance with the foregoing Memorandum and for the reasons stated therein, IT IS this 12th day of January, 1994 by the United States District Court for the District of Maryland, ORDERED:

1. That Defendant Pritchett has FORFEITED his rights to receive the insured's FEGLI proceeds because of his conviction for causing the death of the insured;

2. That Co–Defendants Stewart and McCoy are ENTITLED to the FEGLI proceeds as the children of the insured;

3. That Defendants and all other persons are RESTRAINED and ENJOINED from instituting any proceedings affecting the FEGLI proceeds hereunder;

4. That MetLife, upon payment of the FEGLI proceeds and applicable interest to Co–Defendants Stewart and McCoy, is DISCHARGED from any and all liability for any FEGLI proceeds payable on account of the death of the insured;

5. That the Clerk of the Court CLOSE this case; and

6. That the Clerk of the Court mail copies of this Memorandum and Order to all counsel and parties of record.

that federal law barred a recovery of the proceeds of a life insurance policy by a beneficiary who had killed the insured.