The **PRUDENTIAL INSURANCE COMPANY OF AMERICA,**
Plaintiff,

v.

**Vida Jean GOODMAN and Stacey S. Goodman, Defendants.**

**Civ. A. No. H–95–0071.**

United States District Court,
S.D. Texas,
Houston Division.

July 31, 1995.

138

Katherine S. Youngblood, Youngblood & Tipton, Houston, TX, for The Prudential Ins. Co. of America.

Louis A. McWherter, Houston, TX, for Vida Jean Goodman.

Vida Jean Goodman, Houston, TX, pro se.

Emil R. Sargent, Brown & Hixon, Houston, TX, for Stacey S. Goodman.

### ORDER

HITTNER, District Judge.

Pending before the Court is the motion for summary judgment filed by defendant Vida Jean Goodman and the motion for sanctions filed by defendant Vida Jean Goodman. Having considered the motions, submissions, and applicable law, the Court determines that the motion for summary judgment should be granted and the motion for sanctions denied.

The facts before the Court are undisputed. Orlando and Stacey Goodman were married on April 4, 1991. They separated less than a year later. Stacey Goodman filed for divorce in 1992, but the divorce suit was eventually dismissed for want of prosecution. They remained legally married until Orlando Goodman's death in 1994.

Orlando Goodman enlisted in the United States Army Reserve in 1993. On December 20, 1993, he purchased a $100,000.00 Servicemen's Group Life Insurance policy (the "policy") naming his mother, Vida Jean Goodman, as primary beneficiary, and his sister, Tracey Ann Goodman, as contingent beneficiary. He did not at that time, nor at any time in

the future, name his estranged wife Stacey as a beneficiary. Vida Jean Goodman remained the primary beneficiary, without change, to the date of Orlando Goodman's death on August 21, 1994. At the time of his death, Orlando Goodman's estate was insolvent but for the policy's proceeds.

After his death, both Vida Jean Goodman and Stacey Goodman made conflicting claims to the proceeds of the policy. Prudential Insurance Company of America was the assigned insurer of the policy, and filed an interpleader action asking the Court to ascertain the status of Vida Jean and Stacey Goodman as legal beneficiaries of the policy proceeds, and to determine to whom the proceeds are properly payable.

In response to the interpleader, Vida Jean Goodman filed the instant motions. In the motions, she alleges that as the designated primary beneficiary of the policy, she alone was entitled to the policy's proceeds. She also argues that Stacey Goodman's claim to the proceeds was frivolous and without legal basis, and thus sanctionable.

Stacey Goodman counters the motion for summary judgment by contending that she was entitled to one-half of the policy's proceeds based on Texas community property law and constructive fraud doctrines. She specifically alleges that because the policy premiums were paid with community funds (in the form of Orlando Goodman's Army Reserve wages), the policy and its proceeds also became community property. Stacey Goodman further argues that Orlando Goodman's naming Vida Jean Goodman as primary beneficiary constituted a fraudulent conveyance of community property, as it was an "excessive and capricious" gift of community property. Thus, she now seeks a one half interest in the policy proceeds.

■ Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, a summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See also State Farm Life Ins. Co. v. Gutterman,* 896 F.2d 116, 118 (5th Cir.1990).

■ In the instant case, there is no genuine issue of material fact surrounding the dispute. Having reviewed the submissions on file, the Court finds that it is clear as a matter of law that Vida Jean Goodman is entitled to the full amount of the proceeds from the policy.

■ Texas courts have traditionally recognized that because life insurance policies purchased with community funds are considered community property, the proceeds are ordinarily subject to equitable division. *Brown v. Lee,* 371 S.W.2d 694, 696 (Tex.1963). However, the United States Supreme Court has consistently held that state community property laws must yield to provisions in federal statutes that contain objectives or goals which conflict with the equitable division required by the community property laws. *See McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) (holding that federal military retirement pay statutes, which declare that the pay is intended to be a serviceman's "personal entitlement," supersede state community property laws that would require equitable division of the pay); *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979) (holding that federal Railroad Retirement Act benefits were exempt from state community property laws due to the "specified beneficiary" and anti-attachment provisions contained in the federal statute); *Free v. Bland,* 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962) (finding that U.S. Savings Bonds were exempt from equitable division under Texas community property law due to a conflicting survivorship provision contained in U.S. Treasury regulations).

The Servicemen's Group Life Insurance Act ("SGLIA"), under which Orlando Goodman was insured, falls within the category of a "conflicting federal statute," unequivocally overriding contrary state community proper-

ty law. *Ridgway v. Ridgway,* 454 U.S. 46, 54–57, 102 S.Ct. 49, 54–56, 70 L.Ed.2d 39 (1981); *Wissner v. Wissner,* 338 U.S. 655, 659, 70 S.Ct. 398, 400, 94 L.Ed. 424 (1950);[1] *Prudential Ins. Co. of America v. Neal,* 768 F.Supp. 195, 198 (W.D.Tex.1991). The SGLIA's "paramount consideration" is to assure that the proceeds of its insurance policies flow only to the designated beneficiary. *Prudential Ins. Co. of America v. Smith,* 762 F.2d 476, 480 (5th Cir.1985); *see also Wissner,* 338 U.S. at 658–59, 70 S.Ct. at 399–400. The SGLIA accomplishes this goal primarily through a provision which mandates that proceeds are to be distributed to the designated beneficiary above all other possible recipients.[2] 38 U.S.C. § 1970(a) (West 1991); *Wissner,* 338 U.S. at 658, 70 S.Ct. at 399–400. Congress added further safeguards to ensure that SGLIA proceeds would be immune not only from state community property laws but also from other state attachment provisions, which exempt the policy's proceeds from outside claims.[3] 38 U.S.C. § 1970(g) (West 1991); *see also Wissner,* 338 U.S. at 659, 70 S.Ct. at 400. Thus, it is clear that as a matter of law, Stacey Goodman cannot recover one half the proceeds of the policy pursuant to Texas community property laws. *Wissner,* 338 U.S. at 659, 70 S.Ct. at 400

(stating that "[we] do not share appellee's discovery of congressional purpose that widows in community property states participate in the payments under the policy, contrary to the express direction of the insured.")

■ Stacey Goodman also relies on a constructive fraud argument to extend her position beyond the community property arguments addressed above. She begins by asserting that her husband's designation of his mother as primary beneficiary of the policy was an "excessive and capricious" gift of community property. This, she claims, renders the conveyance of such a gift null and void. As a result, she believes that she is entitled to her original one-half community property share of the policy's proceeds. For the reasons discussed below, the Court finds such an argument to be unpersuasive.

■ As this case involves interpretation of a federal statute, federal, rather than state law applies.[4] *Yiatchos v. Yiatchos,* 376 U.S. 306, 309, 84 S.Ct. 742, 744–45, 11 L.Ed.2d 724 (1964); *Free,* 369 U.S. at 669–70, 82 S.Ct. at 1093–94. In order for this Court to determine that Stacey Goodman is entitled to half of the proceeds of the policy, she would have to establish that Orlando Goodman fraudulently conveyed community property in pur-

1. *Wissner* concerned a life insurance policy taken out under the National Service Life Insurance Act ("NSLIA"), which was the legislative precursor to the SGLIA. *Ridgway,* 454 U.S. at 50–52, 102 S.Ct. at 52–53. The SGLIA succeeded the NSLIA when the latter lapsed at the end of the Korean conflict. *Id.* Although "some small differences" exist between the NSLIA and the SGLIA, the substantive provisions of the two statutes are nearly identical. *See id.* at 50–54, 102 S.Ct. at 52–54.

In comparing the NSLIA and the SGLIA, the *Ridgway* Court noted that: "... the [SGLIA]'s unqualified directive to pay the proceeds to the properly designated beneficiary clearly suggests that no different result was intended by Congress." *Id.* at 57, 102 S.Ct. at 56.

2. 38 U.S.C. § 1970(a) controls the order of precedence provision of the SGLIA. It reads in part:

(a) Any amount of insurance under this subchapter in force on any member or former member on the date of the insured's death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of the insured's death, in the following order of precedence:

First, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received prior to death ...
Second, *if there be no such beneficiary,* to the widow or widower of such member or former member ...
38 U.S.C. § 1970 (West 1991) (emphasis added).

3. The SGLIA's anti-attachment provision is contained in 38 U.S.C. § 1970(g), which reads in part:

(g) Payments of benefits due or to become due under Servicemen's Group Life Insurance or Veterans' Group Life Insurance made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.
38 U.S.C. § 1970(g) (West 1991).

4. Thus, Stacey Goodman's reliance upon *Davis v. Prudential Ins. Co. of America,* 331 F.2d 346 (5th Cir.1964) is misplaced, as *Davis* involved interpretation of state law.

chasing the policy. In *Free v. Bland* this type of fraud was defined as "a breach of trust ... on the part of a husband while acting in his capacity as manager of the general community property." *Free,* 369 U.S. at 670, 82 S.Ct. at 1094. Stacey Goodman argues that the facts in the instant case are analogous to those in *Yiatchos,* wherein the Supreme Court found that a husband had committed fraud on the community when he invested the couple's shared funds in U.S. Savings Bonds and subsequently designated his brother as beneficiary of the bonds upon maturity. *Yiatchos,* 376 U.S. at 309–10, 84 S.Ct. at 744–45.

■ However, *Yiatchos* is distinguishable from the instant case for several reasons. First, the language of *Yiatchos* appears to indicate that the spouse transferring the property must have used the conveyance at least partially, if not wholly, as a means to deprive his/her spouse of community property. *Id.* at 309, 84 S.Ct. at 744–45. "It would seem obvious that the bonds *may not be used as a device to deprive* the widow of property rights which she enjoys under Washington law ..." *Id.* (emphasis added). As such, for Orlando Goodman's conduct to be considered fraudulent, he would have had to have taken out the policy primarily, if not solely, as a means of depriving his wife of half of the money used to pay the policy's premiums.[5] Such an outcome is highly unlikely. SGLIA insurance policies are made available to all servicemen and are encouraged by the government. *See* 38 U.S.C. §§ 1965–1976 (West

1991). Simply designating a beneficiary other than one's spouse has not been found to be fraudulent, even when it is done with knowledge that the spouse will be deprived of the policy's proceeds. *See Ridgway v. Ridgway,* 454 U.S. 46, 59, 102 S.Ct. 49, 57, 70 L.Ed.2d 39 (1981).[6] Stacey Goodman has provided no evidence to rebut the assumption that Orlando Goodman purchased the policy for legitimate reasons.

Finally, the Court notes that at the time the policy was obtained, Orlando and Stacey Goodman had been separated for over two years. It is difficult to believe that Orlando Goodman was even aware that his wife still had a claim to the wages he was earning. Yet, this knowledge would be a prerequisite to forming the intent necessary to constitute fraud. Thus, as Stacey Goodman has failed to provide any summary judgment evidence indicating that Orlando Goodman purchased the policy to deprive the community of funds used to pay the premiums, summary judgment is appropriate. Accordingly, the Court hereby

ORDERS that the motion for summary judgment is GRANTED and the motion for sanctions is DENIED.

### FINAL JUDGMENT

As the defendant Vida Jean Goodman's motion for summary judgment has been granted, the Court

---

5. It is important to note that in order to prove that Orlando Goodman fraudulently conveyed her community property interest, Stacey Goodman would have to show that he intended to deprive her of the money used to pay the insurance *premiums.* She would not be able to maintain that Orlando Goodman took out the policy to deprive her of half of its *proceeds,* because this would imply, unrealistically, that he purchased the policy in full anticipation of his own impending death.

6. In *Ridgway,* the Court stated that:

Federal law and federal regulations bestow upon the service member an absolute right to designate the policy beneficiary. That right is personal to the member alone. It is not a shared asset subject to the interests of another, as is community property. Yiatchos had im-

posed his will upon property in which his wife had a distinct vested community interest. In contrast, only Sergeant Ridgway had the power to create and change a beneficiary interest in his SGLIA insurance. By exercising that power, he can hardly be said to have committed fraud.
*Ridgway,* 454 U.S. at 59, 102 S.Ct. at 57.
*See also Free,* 369 U.S. at 670, 82 S.Ct. at 1094, stating that:
Congress made clear its intent to allow a serviceman to select the beneficiary of his own government life insurance policy regardless of state law, *even when it was likely that the husband intended to deprive his wife of a right to share in his life insurance proceeds,* a right guaranteed by state law. (citing *Wissner v. Wissner,* 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950)).

GRANTS summary judgment in favor of Vida Jean Goodman pursuant to Fed. R.Civ.P. 56(c).

This is a FINAL JUDGMENT.