**Gregory Scott ADDISON, Jr. and Jeffrey Lynn Joyner, Co–Administrators of the Estate of Janet Lee Addison, deceased, Plaintiffs,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

No. CIV. A. 97–0019–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

March 30, 1998.

---

Carl E. McAfee, McAfee & Associates, Norton, VA, for Gregory Scott Addison, Jr., Jeffrey Lynn Joyner.

William Bradford Stallard, Penn, Stuart & Eskridge, Abingdon, VA, for Metropolitan Life Ins. Co.

Gregory Michael Stewart, Stewart Law Office, P.C., Norton, VA, for Michael S. Addison.

William Elbert Bradshaw, Bradshaw & Bradshaw, Big Stone Gap, VA, Stephen J. Kalista, Law Office of Stephen J. Kalista, Big Stone Gap, VA, for Gregory Scott Addison, Jr.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

The controversy presented by this case is of tragic proportions, and thankfully, not one commonly found in the jurisprudence of this district. As set forth in greater detail in this court's November 13, 1997, memorandum opinion, the genesis of this litigation was the murder of Janet Lee Addison on August 15, 1995, by her husband Gregory Scott Addison, Sr. At the time of her death, Janet Lee Addison had a life insurance policy with Defendant Metropolitan Life Insurance Company ("MetLife") naming Gregory Scott Addison, Sr. the sole designated beneficiary of the policy. Plaintiffs Gregory Scott Addison, Jr. and Jeffrey Lynn Joyner are the co-administrators of the Estate of Janet Lee Addison. They commenced this litigation to recover the life insurance proceeds from MetLife. Plaintiffs alleged that Gregory Scott Addison, Sr. is not entitled to any portion of the proceeds in light of his murder conviction. We exercised jurisdiction in accordance with 29 U.S.C. §§ 1132(a)(3) and (e)(1) and 28 U.S.C. §§ 1331 and 1332. MetLife then filed a counterclaim and interpleader action based on Fed.R.Civ.P. 22, deposited the insurance proceeds with the clerk of court, and requested the court's assistance in determining who is entitled to the insurance proceeds. This court permitted Gregory Scott Addison Sr., Gregory Scott Addison Jr., in his individual capacity, and Michael Addison to be joined as party plaintiffs. Gregory Scott Addison Jr. and Michael Addison are the lawful heirs of Janet Lee Addison and Gregory Scott Addison, Sr.

The court ruled on February 12, 1997, that this matter cannot be finally adjudicated until a decision has been issued by the Supreme Court of Virginia regarding the conviction of Gregory Scott Addison, Sr. for the murder of his wife. Therefore, this court stayed final disposition of the case awaiting action by the Supreme Court of Virginia. Plaintiffs have informed this court that the Supreme Court of Virginia recently denied Gregory Scott Addison, Sr.'s appeal rendering this case ripe for decision. Currently before the court is Plaintiff's motion for the entry of an order directing payment of the insurance proceeds, plus accrued interest, presently on deposit with the clerk of court to the Plaintiffs. They again argue that as a result of his criminal conviction, Gregory Scott Addison, Sr. is precluded from receiving any of the insurance proceeds. In support of their position, Plaintiffs cite the Virginia Slayer's Statute, Va.Code Ann. §§ 55–401–415 (Repl.Vol. 1995), which bars a convicted murderer from receiving proceeds of a life insurance policy held by the victim and distributes the proceeds to an alternative beneficiary of the decedent's estate.

In response, Gregory Scott Addison Sr. reasserts his claim to the insurance proceeds despite being convicted for murdering the insured. He points out that the proceeds of the policy involved in this case arise from an employee welfare benefit program governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001–1461. Gregory Scott Addison Sr. argues that the Virginia Slayer's Statute, is preempted by ERISA. He further asserts that "[t]here is no federal common law or equitable doctrines that have developed under ERISA that may operate to disqualify a beneficiary who intentionally kills the insured."

The essential issue before the court is whether Gregory Addison, Sr. should be disqualified from receiving any insurance proceeds because of his murder conviction. No specific statutory provision in ERISA addresses this question. Similarly, it is unclear whether Virginia state law preempts ERISA on this subject so that the Virginia Slayer's Statute governs in resolving this dispute. Consequently, this court follows the lead of numerous other federal courts that have turned to federal common law to fashion an equitable solution to this unfortunate scenario. The many courts that have considered the pending issue have spoken with unmistakable clarity. The premise that a wrong-

doer should not benefit from his or her misdeeds has long been part of federal law. *See Shoemaker v. Shoemaker,* 263 F.2d 931, 932 (6th Cir.1959); Annotation, *Killing of Insured by Beneficiary as Affecting Life Insurance or Its Proceeds,* 27 A.L.R.3d 794 (1969 & Supp.). Consequently, federal courts have "consistently held that, as a matter of federal law, a beneficiary convicted of murdering the insured is precluded from recovering the insurance proceeds." *Mendez–Bellido v. Board of Trustees of Division 1181,* 709 F.Supp. 329, 332–33 (E.D.N.Y.1989). *See also Metropolitan Life Ins. v. Pritchett,* 843 F.Supp. 1006, 1008 (D.Md.1994); *Mounts v. United States,* 838 F.Supp. 1187, 1193–94 (E.D.Ky.1993); *New Orleans Elec. Pension Fund v. Newman,* 784 F.Supp. 1233, 1236 (E.D.La.1992); *New Orleans Elec. Pension Fund v. DeRocha,* 779 F.Supp. 845, 850 (E.D.La.1991); *Prudential Ins. Co. v. Neal,* 768 F.Supp. 195, 198 (W.D.Tex.1991); *United States v. Kwasniewski,* 91 F.Supp. 847, 851 (E.D.Mich.1950).

The Fourth Circuit's decision in *Prudential Ins. Co. v. Tull,* 690 F.2d 848 (4th Cir. 1982) is instructive. In that case, a holder of a life insurance policy authorized by the Servicemen's Group Life Insurance Act, 38 U.S.C. §§ 765–779, was killed by the policy's named beneficiary. The insurer brought an interpleader action to determine whether it should pay the proceeds of the policy to the deceased insured's widow, who had murdered him, or to his seven children by previous marriage. The district court applied Virginia law and awarded the insurance benefits to the insured's children. On appeal, the Fourth Circuit determined that the children were entitled to the proceeds but not for the reasons stated by the trial court. Relying on *United States v. Burns,* 103 F.Supp. 690 (D.Md.), *aff'd,* 200 F.2d 106 (4th Cir.1952), the Fourth Circuit held that "[f]ederal law recognizes that the beneficiary's claim is barred by the equitable defense: No person should be permitted to profit from his own wrong." *Tull,* 690 F.2d at 849 (quotation omitted).

Gregory Scott Addison Sr. attaches significance to the fact that the insurance policy in *Tull* was issued pursuant to the Service-

men's Group Life Insurance Act, as opposed to ERISA. In this court's estimation, that is a distinction without difference insofar as *Tull* properly states the federal common law. In fact, the court in *Tull* was confronted with an argument similar to the one advanced by Gregory Scott Addison Sr. Specifically, the murderer in *Tull* noted that the insurance policy in *Burns* was issued under the National Service Life Insurance Act of 1940. The court's pronouncement of the federal equitable maxim that no person should be permitted to benefit from his own wrong transcended the particular statute the policy was issued under.

We find the approach in *Tull* applies with equal force to this matter. ERISA, similar to the statutory schemes at issue in *Burns* and *Tull,* makes no provision for the situation where the designated beneficiary kills the insured. Accordingly, the equitable principles that guided the Fourth Circuit in *Tull* are equally relevant here. In addition, other federal courts have invoked the same equitable concept in the context of policies issued pursuant to ERISA. *See, e.g., Newman,* 784 F.Supp. at 1236; *Mendez–Bellido,* 709 F.Supp. at 332–33.

To allow Gregory Scott Addison, Sr. to recover insurance proceeds in this case has been characterized by one court as "morally repugnant as well as a clear violation of reasonable public policy principle." *DeRocha,* 779 F.Supp. at 850 n. 7. "Indeed, over a century ago, in an action to recover the proceeds of a life insurance policy, the Supreme Court stated: '[i]t would be a reproach to the jurisprudence of the country, if one could recover insurance money payable on the death of a party whose life had been feloniously taken.'" *Mendez–Bellido,* 709 F.Supp. at 333 (quoting *Mutual Life Ins Co v. Armstrong,* 117 U.S. 591, 600, 6 S.Ct. 877, 29 L.Ed. 997 (1886)). As a result, based on federal common law and general public policy considerations, this court refuses to allow Gregory Scott Addison Sr. to profit from an act of criminal homicide against his wife. The insurance proceeds that are being held by the clerk of court shall be released and distributed on an equal basis to Gregory Scott Addison, Jr. and Michael Addison.

## ORDER

For the reasons stated in the Memorandum Opinion entered this day, it is hereby **ORDERED** and **ADJUDGED** that the proceeds from the insurance policy on the life of Janet Lee Addison presently deposited with the clerk of this court shall be distributed on an equal basis to Gregory Scott Addison, Jr. and Michael S. Addison, the heirs of Janet Lee Addison, subject to deductions for the fees set out below. Gregory Scott Addison Sr., by virtue of his conviction for murdering the insured, is precluded from claiming any of the proceeds.

The court further **ORDERS** that the guardian and guardian ad litem for Gregory Scott Addison, Sr. and counsel for the co-administrators of the Estate of Janet Lynn Joyner are entitled to a fee for their services in this matter. Accordingly, Stephen J. Kalista, Esquire, and William E. Bradshaw, Esquire, shall each be paid $2,500.00 and Carl McAfee, Esquire, shall be paid $10,000.00 from the funds now held by the clerk. These fees shall be deducted from the insurance proceeds before distribution of the balance to Gregory Scott Addison, Jr. and Michael S. Addison.

This case shall be stricken from the docket. The clerk is hereby directed to send a copy of this Order to all counsel of record.