FILED
United States Court of Appeals
Tenth Circuit

March 14, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KATHLEEN MILLS,

      Plaintiff-Appellant,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
a corporation; STEPHEN MILLS,
an individual,

      Defendants-Appellees.

No. 12-1208
(D.C. No. 1:11-CV-02127-DME-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **BALDOCK**, Circuit Judges.

Kathleen Mills filed a complaint in federal court seeking to challenge a

beneficiary designation made by her husband, Chief Warrant Officer (CWO)

H. Roger Mills, with regard to a Servicemembers' Group Life Insurance Act

(SGLIA) policy issued through Defendant Prudential Insurance Company of

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

America. While Ms. Mills and CWO Mills were in divorce proceedings, CWO Mills changed his life insurance beneficiary from Ms. Mills to his brother, Defendant Stephen Mills, in apparent violation of a state-court order restraining either party from changing beneficiaries on their insurance policies. CWO Mills subsequently died in a service-related accident and Prudential began making payments under his SGLIA policy to Stephen Mills.

When Ms. Mills discovered the change in beneficiary after CWO Mills' death, she attempted, unsuccessfully, to prevent Prudential from paying the insurance benefits to Stephen. She then filed her complaint, asserting claims for breach of contract, conversion, and unjust enrichment. She also sought a declaration naming her as the rightful beneficiary under CWO Mills' SGLIA policy. Both defendants moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing federal law preempted claims based upon the state court's restraining order in the now-dismissed divorce action.

In its order, the district court discussed the Supreme Court's decision in *Ridgway v. Ridgway*, 454 U.S. 46, 46 (1981), in which a service member changed the beneficiary on his SGLIA policy in violation of a state court divorce decree. In that case, the Supreme Court upheld the service member's beneficiary designation, explaining: "Federal law and federal regulations bestow upon the service member an absolute right to designate the policy beneficiary. That right is personal to the member alone. It is not a shared asset subject to the interests of another, as is

- 2 -

community property." *Id.* at 59-60 (1981). The Court therefore determined "that the controlling provisions of the SGLIA prevail over and displace inconsistent state law." *Id.* at 60. The district court also discussed our decision in *Brewer v. Zawrotny*, 978 F.2d 1204, 1206 (10th Cir. 1992), which emphasized the need for strict construction of the SGLIA in order to "preempt application of a state law which would result in the distribution of insurance proceeds to persons other than those designated by the insured."

It determined that both of Ms. Mills' arguments under Ohio law—CWO Mills waived his right to designate a new beneficiary by entering into the restraining order in the divorce action, and the new designation was void because it violated the restraining order—would result in the proceeds going to Ms. Mills, while application of federal law—recognizing the service member's "absolute right" to change a beneficiary—would result in the proceeds going to Stephen Mills. When there is a conflict under these circumstances, federal law prevails. Accordingly, it granted the motions to dismiss and entered judgment in favor of defendants.

Here, Ms. Mills argues she was pleading theories of waiver and estoppel under both state and federal common law. Defendants contend she did not raise her federal common-law argument before the district court, but the dismissal order appears to recognize the argument and dispose of it, explaining: while she "argue[d] that these waiver and fraud principles are 'well established in both state and federal law,' [she]

- 3 -

fail[ed] to identify any federal case or statute supporting her arguments." Aplt. App. at 107 (citation omitted).

In the trial court Ms. Mills failed to identify any federal case supporting a waiver of SGLIA rights under federal common law; instead, she relied exclusively on Ohio law regarding waiver and estoppel in her responses to the motions to dismiss. *See* Aplt. App. at 43-45; 63-65. Although she now cites to some federal cases, none of them involve the application of a waiver theory under federal common law to a situation where a service member has designated a beneficiary under the SGLIA.

Having reviewed the record, the briefs, and the relevant legal authority under a de novo standard of review, *see Ridge at Red Hawk, L.L.C v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), we agree with the district court's cogent and well-reasoned analysis. We affirm for the reasons stated by the district court in its Memorandum Opinion and Order dated April 17, 2012. We also deny Ms. Mills' motion for oral argument.

AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

- 4 -