## UNITED STATES v. LEVERETT et al.
### No. 13812.

United States Court of Appeals
Fifth Circuit.
June 6, 1952.

T. S. L. Perlman, Attorney, Dept. of Justice, Washington, D. C., Frank B. Potter, U. S. Atty., A. W. Christian, Asst. U. S. Atty., David O. Belew, Jr., Asst. U. S. Atty., Fort Worth, Tex., for appellant.

Mark McGee, Elmo Irby, Dave T. Miller, Spencer Shropshire, Fort Worth, Tex., for appellee.

Before HOLMES, BORAH, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

The United States filed a complaint, in the nature of a bill of interpleader, pursuant to Sections 445 and 817, Title 38 United States Code Annotated, in order to determine the person lawfully entitled to the proceeds of two policies of National Service Life Insurance issued by appellant to Moses Smith, deceased. The appellees are claimants of an interest in said policies. This appeal is from a judgment ordering payment of the proceeds to be made pursuant to an agreement and settlement entered into by appellees.

While the deceased was in the military service, he was granted two policies of National Service Life Insurance, in both of which he designated his father as principal beneficiary. On June 22, 1944, and on August 4, 1944, insured executed a change of beneficiary form in which he designated his stepmother, Mrs. Olive A. Smith, as principal beneficiary, and his brother, Garlon W. Smith, as contingent beneficiary. On April 8, 1947, insured executed a further change of beneficiary, designating Mrs. Kado Leverett, referred to as his ex-wife, as principal beneficiary, and Mary Jean Leverett, referred to as his stepdaughter, as contingent beneficiary. On July 25, 1948, insured died as a result of gunshot wounds inflicted by Mrs. Kado Leverett.

The County Grand Jury investigated the homicide, and returned no indictment. Mrs. Leverett and Mrs. Olive A. Smith (now Mrs. Olive A. Dale) filed claims for the insurance proceeds. Appellant interpleaded

as party defendants Mrs. Leverett, Mary Jean Leverett, Mrs. Olive A. Dale, and her husband, M. L. Dale. By permission of the court, Garlon W. Smith, individually and as administrator of the estate of the insured, and Lotus O. Smith, surviving brothers of the insured, intervened as defendants. Mary Jean Leverett, being a minor, was represented by a guardian *ad litem*.

When the case came on for trial, appellees announced to the court that they desired to settle the case according to a prearranged agreement. Appellant objected to the settlement on the ground that the agreement did not conform to the assignment provisions of the National Service Life Insurance Act, as amended, 38 U.S.C.A. § 816,[1] in that the court had not determined that the proposed agreement constituted an assignment within the meaning of Section 816 of the Act; in that the court had not determined that the principal beneficiary, the assignor, was entitled to receive the insurance proceeds; and in that the court had not determined that the assignees of the assignment were within the class designated by said Section 816 as being entitled to receive the proceeds of the assignment. Appellant requested a trial on the above issues.

After hearing statements from three attorneys for appellees as to the relationship of the various claimants to the insured, the changes of beneficiaries, and the reasons for a settlement, the court stated that it would approve the settlement without a trial on the issues. The court stated in its findings of fact that Mrs. Olive A. Dale had stood *in loco parentis* to the insured for a period of more than one year prior to his entry into active service; that Garlon W. Smith and Lotus O. Smith were the only surviving brothers of the insured; that the insured was not survived by his father, mother, or by any other brother, sister, child, or adopted child; that the claimants to the proceeds of the insurance policies had agreed that said proceeds, after the payment of all costs incurred, should be paid, one-fourth to Mrs. Kado Leverett, one-fourth to Mary Jean Leverett; and, out of the remaining one-half, $521.00 should be paid to Garlon W. Smith; and the remainder thereof should be paid, one-third to Garlon W. Smith, one-third to Lotus O. Smith, and one-third to Mrs. Olive A. Dale; and that the agreement and settlement was fair and equitable, to the best interest of the minor, and should be approved by the court. Judgment was accordingly entered for appellees.

■ Appellant, in its specification of errors, contends that the court erred (1) in holding that the principal beneficiary was entitled to receive proceeds of the insurance policies without a finding, based on evidence presented to the court, that the killing of the insured by the principal beneficiary did not preclude her from receiving the benefits of the insurance; and (2) in holding that the stepmother of the insured had stood *in loco parentis* to him for one year prior to his entry into active service, and could thus be an assignee of the purported assignment, without receiving any evidence in support of such a finding. Appellees contend that appellant has no appealable interest in this case, because it filed an interpleader, admitting its liability, and its interest had ceased to exist; but the contrary has been held in United States v. Snyder, 85 U.S.App.D.C. 198, 177 F.2d 44, 49. We think that the agreement for settlement entered into by appellees was an attempted assignment and subject to the provisions of 38 U.S.C.A. § 816. See Robertson v. McSpadden, D.C., 46 F.2d 702; Bradley v. United States, 10 Cir., 143 F.2d 573; Licznerski v. United States, 3 Cir., 180 F.2d 862.

■ The sole remaining question on this appeal is whether the court's finding of fact, on which it based its approval of the settlement, was supported by ample evidence. We think that there was not sufficient evidence before the court on which to base a finding that Mrs. Olive A. Dale had stood *in loco parentis* to the insured for one year prior to his entry into service. Though the court did not expressly find that

[1] Section 616 of the National Service Life Insurance Act of 1940, 54 Stat. 1008, as amended by Act of August 1, 1946, 60 Stat. 788, c. 728, 38 U.S.C.A. § 816.

Mrs. Kado Leverett's act of killing the insured would fall into that class of homicides that do not preclude recovery of insurance proceeds, such a finding was implicit in the court's ruling that she was entitled to part of the proceeds. We think that the court erred in determining the latter issue without having any evidence before it on which to base such determination. The grand jury's conclusion in the criminal investigation is not binding on the court or determinative of Mrs. Leverett's right to the proceeds of the policies. See United States v. Kwasniewski, D.C., 91 F.Supp. 847.

The judgment appealed from is reversed, and remanded to the court below for further proceedings not inconsistent with this opinion.

Reversed.