**Helen May Gardner GLASER and George R. Gardner, Appellants,**

v.

**Frances Shenk HESTER, also known as Frances Shenk Hester Gardner, and Willane Hester Haynes, Appellees.**

No. 15789.

United States Court of Appeals
Ninth Circuit.

Dec. 16, 1958.

Landis, Brody & Martin, Alvin Landis, Jesse E. Fluharty, Sacramento, Cal., for appellants.

Appel, Liebermann & Leonard, Alexis J. Perillat, San Francisco, Cal., for appellees.

Before FEE, HAMLEY and HAMLIN, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This case comes up on appeal from a judgment entered dismissing a claim of Helen May Gardner Glaser and George R. Gardner against Frances Shenk Hester and Willane Hester Haynes. The claim set up in the complaint is that ap-

pellants be awarded, as beneficiaries by designation of a deceased veteran, the proceeds of an insurance policy issued by the government pursuant to statute and that the United States, through the Administrator of Veterans Affairs, be directed to pay such proceeds to these appellants. The question whether there is a final judgment in the case confronts this Court.

The action by appellants was brought originally against the parties above named and against the United States of America, Harvey V. Higley, as Administrator of Veterans Affairs and his successors in such office as such. The relief prayed in the complaint, among other things, is "That the Administrator of Veterans Affairs, Harvey V. Higley, or his successors in such office, be ordered forthwith to turn over the proceeds of said policy of insurance to the beneficiaries George R. Gardner and Helen May Gardner Glaser, as trustees for the minors William E. Gardner, III and James R. Gardner." The answer by appellees Hester and Haynes prays "That the Administrator of Veterans Affairs, Harvey V. Higley, or his successors in office, be ordered forthwith to turn over the proceeds of such policy of insurance to these answering defendants who are the beneficiaries thereof." The United States of America, named as a party defendant, did not file an answer, but made voluntary appearance, and, based upon the motion of this defendant, the court ordered that "the following persons be joined as parties plaintiff in the above action:" (1) Bonnie L. Swanson and (2) George Robert Gardner, as Guardian of William E. Gardner, III, and James R. Gardner, minors. Thereafter, Bonnie Lucille Gardner Swanson, formerly known as Bonnie L. Gardner, filed a disclaimer as to any interest in the disposition of the insurance policies, but, as mother of the two minors above named, sons of the deceased veteran, joined in the prayer of the complaint, "That the proceeds due under the said policy of insurance be paid to the plaintiffs George R. Gardner and Helen May Gardner Glaser, as trustees for the minors William E. Gardner, III and James R. Gardner." Thereafter, the United States of America apparently took no part in the proceedings. Notwithstanding the order of the court, Bonnie L. Swanson was never joined as a plaintiff in the action, nor was George Robert Gardner, as guardian of the minors, made a party to the complaint.

The entry from which appeal is taken does not include either of these parties as plaintiff. Although the names of the United States of America and its Administrator are carried in the title of the entry, no relief is granted as to the United States and no judgment or decree was entered in conformity with the prayer of either the complaint or the answer. There are other persons mentioned in the record who might likewise have claims by assignment to this insurance policy. It is possible the minors might have had some claim based upon a document dated December 3, 1949, which purports to will this insurance to the minors. This was an exhibit rejected by the trial judge. If a judgment had been entered against the United States directing the payment of the proceeds of these policies to either one of these parties, it might well be that the United States would have been interested in appealing therefrom in the interest of the minors or of other persons entitled by law to the proceeds in the absence of a valid designation of beneficiary by the deceased.[1]

Appellants and appellees, however, in disregard of their own pleadings, proceeded as if the cause were an action on the contract between them as individuals. The District Court accepted this premise. A jury was empaneled. The court directed a verdict after the close of the evidence by appellants upon the theory that they had not proved affirmatively (1) that the deceased had been legally declared insane, (2) that the deceased was in fact mentally incompetent, or (3) that Frances Shenk Hester had

---

1. See United States v. Leverett, 5 Cir., 197 F.2d 30.

exercised undue influence upon him. A judgment was entered in part as follows:

"It is Ordered that the motion for a directed verdict be and the same is hereby granted, and thereupon the jury were instructed to bring in a verdict for the defendants [appellees], which was ordered recorded on the minutes of the Court and which verdict is as follows:

" 'We, the Jury, find in favor of the Defendants as we have been directed by the Court, Willa M. Spencer, Foreman.'

"It is therefore Ordered that judgment be entered herein in accordance with the verdict and with costs."

The judgment is meaningless. The United States is a party to the action. No dismissal as to the United States was ever ordered. Appellees were not required to prove affirmatively their claim against the United States. The minors were not before the court personally. They were not represented by a court appointed guardian or guardian ad litem.

 There were many errors in the exclusion of proffered evidence. It was improper to grant a directed verdict even between the adverse claimants upon this record. The United States is acting as a stakeholder in an interpleader suit. Since the fund is not deposited in court, the judgment must run against the government, and all persons who have claims must be made parties to the litigation. If minors are claimants, proper representation by responsible guardian, guardian ad litem or both must be provided. The prevailing party must establish claim against the United States and all other parties affirmatively. Another trial is therefore a necessity. Appellees here were not required to prove their counterclaim. There is thus no

final judgment from which appeal can be taken.

Appeal dismissed for lack of jurisdiction.