**Clarice Kidd SHOEMAKER, Appellant,**

v.

**Euless SHOEMAKER, Administrator of the Estate of Euless Paul Shoemaker; Mrs. Minnie Shoemaker, and United States of America, Appellees.**

**No. 13618.**

United States Court of Appeals
Sixth Circuit.

Feb. 16, 1959.

Kramer, Dye, McNabb & Greenwood, Knoxville, Tenn., for appellant.

Howard H. Baker, Jr., Knoxville, Tenn., Jeffers & Jeffers, Oneida, Tenn., John C. Crawford, Jr., Knoxville, Tenn., for appellees.

Before ALLEN, Circuit Judge, and MATHES and SHELBOURNE, District Judges.

PER CURIAM.

This is an appeal by a veteran's widow from a judgment of the District Court in an interpleader action denying her, as designated beneficiary, the right to receive the proceeds of her deceased husband's policy of National Service Life Insurance, and awarding the proceeds to the parents of the insured pursuant to 38 U.S.C.A. § 802(h) (3) (C).

It is admitted that the insured died "as the result of gunshot wounds inflicted by his wife." Although the National Service Life Insurance Act of 1940, as amended [54 Stat. 1008, 38 U.S.C. §§ 801–824], makes no provision for the situation where the designated beneficiary kills. the insured [cf. Wissner v. Wissner, 1950, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424], public policy founded upon the equitable principle that no person should be permitted to profit from his own wrong intervenes to prevent such a beneficiary from taking the proceeds of the insurance, unless the beneficiary was insane at the time, or the killing was accidental, or was committed in self-defense. See Restatement, Restitution §§ .187, 189 (1937); Burns v. United States, 4 Cir., 1952, 200 F.2d 106; United States v. Leverett, 5 Cir., 1952, 197 F.2d 30; United States v. Kwasniewski, D.C.E.D.Mich.1950, 91 F. Supp. 847.

Appellant alleged at the trial and urges here "that said gunshot wounds were inflicted upon her deceased husband in her own necessary self-defense." But there was conflicting evidence on that issue, and the District Judge found that appellant's act of taking the life of her husband "was not done in self-defense."

Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., directs that: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." After reviewing the record and considering the briefs we cannot say that the finding here challenged is erroneous.

The judgment of the District Court is affirmed.