**UNITED STATES of America,**
Plaintiff,

v.

**Kathryn D. FOSTER, Caxton C. Foster and James W. Anderson, adm. of the Estate of Francis C. Foster, deceased, Defendants.**

**Civ. A. No. 22573.**

United States District Court
E. D. Michigan, S. D.

Feb. 8, 1965.

Robert F. Ritzenhein, Asst. U. S. Atty., for the United States.

Giltner, Taub & Still, Justin L. Giltner, Detroit, Mich., James W. Anderson, in pro. per., Honolulu, Hawaii; Skinner, Bennett & Ornelles, Axel Ornelles, Honolulu, Hawaii, for defendants.

TALBOT SMITH, District Judge.

This is an action in the nature of an interpleader by the United States to determine who shall receive the proceeds of a life insurance policy issued by the plaintiff (Veteran's Administration) to decedent.

The facts are stipulated. The widow, Kathryn D. Foster, shot the decedent, causing his death. She was charged and convicted of second degree murder. The Supreme Court of Hawaii reversed and ordered a new trial. At the new trial she pled guilty to manslaughter (in Hawaii, murder without malice). She was convicted but sentence was suspended.

The widow filed a claim for the insurance proceeds but the Veteran's Administration concluded that since she had caused the death of the insured, she had forfeited all rights to the insurance.

The VA proposed to pay the insurance to the estate until it was discovered that the widow would receive the proceeds as the sole beneficiary under the decedent's will. Thus, a distribution to the estate, it is argued, would accomplish by indirection what the Veteran's Administration had denied directly.

This case arose in Hawaii. Looking to the law of Hawaii, there appear to be no directly applicable statutes dispositive of this matter.

However, under the common law, it is generally accepted that the beneficiary of a life insurance policy is not permitted to benefit from his own wrongdoing where the death of the decedent is a direct result of the wrongful act of the beneficiary, under the general equitable principle that no one is permitted to profit from his own wrong. Mutual Life Ins. Co. of N. Y. v. Armstrong, 117 U.S. 591, 6 S.Ct. 877, 29 L. Ed. 997; Shoemaker v. Shoemaker, 263 F.2d 931 (CA 6, 1959); United States v. Kwasniewski, 91 F.Supp. 847 (ED Mich. 1950). The Common Law is made applicable to Hawaii by Sec. 1-1, Revised Statutes of Hawaii, 1955. In the absence of any contrary statutory authority, the common law rule must apply.

This determination is not dispositive of the problem before the Court however. When the designation of the beneficiary made by the insured fails by reason of her disqualification or otherwise and no contingent beneficiary has been named, benefits are normally payable to the personal representative of the insured's estate, pursuant to the provision of the insurance policy here involved. § 602(u) of the National Service Life Insurance Act of 1940, as amended (38 U.S.C. § 717(d).

In this case, however, if payment is made to the insured's estate without qualification, the widow, as sole legatee under the insured's will, would receive the entire proceeds of the policy.

The National Service Life Insurance Policies are contracts between the United States and the insured and the construction of said policies presents a question of federal law. Wissner v. Wissner, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424; Pack v. United States, 176 F. 2d 770 (CA 9, 1949); Barton v. United States, 75 F.Supp. 703 (SD Calif.1948). The widow cannot take the proceeds of the policy as named beneficiary under the long established rule referred to above. Any claim she may have to take the proceeds must rest solely on her rights under Hawaiian law as legatee of the insured's will.

This is not a case of this Court making its own determination of the question of who must take under the Hawaiian law of wills or its statute of descent and distribution. As the Court pointed out in the case of Metropolitan Life Insurance Company v. McDavid, 39 F.Supp. 228 (ED Mich.1941):

"It is well established that the Federal Courts have jurisdiction

under their general equity powers to determine, as between the parties to an action (the requisite diversity of citizenship existing), the interests of creditors, heirs and legatees; and, while the court cannot interfere with the administration of the estate by the Probate Court, its decision on these questions is binding on the latter. Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S. Ct. 10, 54 L.Ed. 80."

 If this Court decides, as it must, that the widow is not an eligible beneficiary under the policy or, under the common law principles applicable, as legatee under insured's will with respect to the same proceeds, the question then becomes who—under the laws of the State of Hawaii—is entitled to the proceeds.

This question must be determined by the law of Hawaii. In the case of De-Zotell v. Mutual Life Insurance Co., of N. Y., 60 S.D. 532, 245 N.W. 58 (1932), the court, in order to avoid a "solemn and circuitous legal absurdity" which would result if the beneficiary though barred by his wrongful act from the proceeds under the insurance policy, would nevertheless collect these same proceeds as beneficiary of the estate, *held* that the administrator of the insured's estate could recover under the insurance contract but that the determination of the beneficiary must be made—under local law—as if the named beneficiary had predeceased the insured.

In Metropolitan Insurance Co. v. Mc-David, 39 F.Supp. 228 (ED Mich.1941), the Court held that "the rights of the parties shall be determined exactly as they would have been [under local law] if [the beneficiary who was found guilty of "manslaughter" in the death of the insured] had died prior to the death of her husband. * * * This means that [the beneficiary] is not entitled as beneficiary named in the policy to receive any part of the proceeds of the policies. Restatement, Restitution, § 189(1) a."

The Court continued: "It also means that as widow and next of kin of the insured she is not entitled to receive any part of the proceeds of the policy or the estate to be administered by the State Probate Court. Restatement, Restitution, § 187. She is not to receive either directly or indirectly any part of the proceeds of any of these policies."

 Following the rule of *Metropolitan*, this Court directs that the proceeds shall be paid to the defendant, James W. Anderson, Administrator of the Estate of Francis C. Foster, to be distributed through decedent's estate in appropriate state proceedings according to the applicable Hawaiian Statutes, as if the widow, Kathryn D. Foster, had predeceased the insured.

An appropriate order may be prepared.