The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,

v.

Lillian TULL, Appellant,

v.

Alvin Thomas TULL, a minor; Reuben Varn Tull, Jr., a minor; Doris Francis Tull, a minor; Robert Aaron Tull, a minor; Ronald Edward Tull, a minor; Donald William Tull, a minor; Linda Tull, a minor; Appellees.

No. 82–1363.

United States Court of Appeals, Fourth Circuit.

Submitted Sept. 29, 1982.

Decided Oct. 22, 1982.

Alexander N. Simon, Wallerstein, Goode & Dobbins, Richmond, Va., on brief, for appellant.

William W. Davenport, Robert P. Geary, Geary & Davenport, Richmond, Va., on brief, for appellees.

Before HAYNSWORTH, Senior Circuit Judge, and BUTZNER and PHILLIPS, Circuit Judges.

PER CURIAM:

Lillian Tull appeals from a judgment awarding the proceeds of a servicemen's group life insurance policy to her stepchildren. We affirm the judgment but for reasons different from those expressed by the district court, 532 F.Supp. 341.

Lillian was convicted in a Virginia state court of murdering her husband, Reuben, on their wedding night. Reuben was insured by a $20,000 policy issued by the Prudential Insurance Company under the Servicemen's Group Life Insurance Act, 38 U.S.C. §§ 765–779. The policy provided that its proceeds should be distributed "by law." The beneficiary schedule set forth in the Act provides that in the absence of a designated beneficiary the proceeds are payable to the widow or if none, to the children of the decedent. *See* 38 U.S.C. § 770(a).

Prudential filed an action of interpleader asking whether it should pay the proceeds to Lillian or to Reuben's seven children by a

previous marriage. The district court, applying Virginia law, awarded the proceeds to Reuben's children.[1]

This case is governed by *United States v. Burns*, 103 F.Supp. 690 (D. Md.), *aff'd*, 200 F.2d 106 (4th Cir. 1952) (per curiam). *Burns* applied federal law to bar recovery of the proceeds of a life insurance policy by a beneficiary who had killed the insured. Federal law recognizes that the beneficiary's claim is barred by the equitable defense: "No person should be permitted to profit from his own wrong." *See Shoemaker v. Shoemaker*, 263 F.2d 931, 932 (6th Cir. 1959); *accord, United States v. Foster*, 238 F.Supp. 867, 868 (E.D. Mich. 1965); *United States v. Kwasniewski*, 91 F.Supp. 847, 851 (E.D. Mich. 1950); *see also Restatement of Restitution* §§ 187, 189 (1937). Although the policy in *Burns* had been issued under the National Service Life Insurance Act of 1940, 54 Stat. 1008, the provisions of the Acts material to the issue in this case are similar. Therefore, we perceive no reason why we should depart from *Burns*.[2]

We dispense with oral argument and affirm the decision of the district court. Fed. R.App.P. 34(a)(2) and (3).

---

1. Virginia law bars a convicted murderer from receiving the proceeds of a life insurance policy held by the victim and distributes the proceeds to an alternative beneficiary or the decedent's estate. *See* Va.Code § 64.1-18 (now §§ 55.-401-415).

2. The Acts are compared in *Ridgeway v. Ridgeway*, 454 U.S. 46, 102 S.Ct. 49, 52–54, 70 L.Ed.2d 39 (1981). *Ridgeway* held that the federal Act preempts inconsistent state laws. It reserved the question presented by the beneficiary's murder of the insured. *See* 102 S.Ct. at 57 n. 9.