Jimmy L. WILKINS, Sr., Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 94–866.

United States Court of Veterans Appeals.

Feb. 16, 1996.

James W. Stanley, Jr., Little Rock, AR, was on the brief for the appellant.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; David W. Engel, Deputy Assistant General Counsel; and Carolyn F. Washington, Washington, DC, were on the brief for the appellee.

Before KRAMER, IVERS, and STEINBERG, Judges.

KRAMER, Judge:

The appellant, veteran Jimmy L. Wilkins, Sr., appeals a July 12, 1994, decision of the Board of Veterans' Appeals (Board or BVA) which determined that new and material evidence had not been submitted to reopen a claim of entitlement to service connection for mixed personality disorder with paranoid and narcissistic features. Record (R.) at 4–9.

A VA regional office (RO) denied the appellant's claim on the merits in July 1982 on the basis that the appellant's personality disorder was a "constitutional or developmental abnormality." R. at 40; see 38 C.F.R. §§ 3.303(c) ("personality disorders ... as such are not diseases or injuries within the meaning of applicable legislation"), 4.9 ("personality disorder[s] ... are not diseases or injuries in the meaning of applicable legislation for disability compensation purposes"), 4.127 ("personality disorders will not be considered as disabilities under the terms of the schedule [of ratings]") (1995). That decision is final and may not be reopened unless, pursuant to 38 U.S.C. § 5108, "new and material evidence" is presented or secured with respect to that claim. See 38 U.S.C. § 7104(b); see also Blackburn v. Brown, 8 Vet.App. 97, 102 (1995); Cox v. Brown, 5 Vet.App. 95, 98 (1993); Manio v. Derwinski, 1 Vet.App. 140, 145 (1991).

■ Although not identified in the record on appeal, the evidence submitted subsequent to the RO's July 1982 decision consists of, at most, duplicate service medical records, identified in a June 1990 RO decision. See R. at 51. In both his brief and his reply brief, the appellant, through counsel, concedes that this evidence is not "new and material." The Court agrees with the appellant. See Blackburn, supra (discussing what constitutes "new and material evidence"); Masors v. Derwinski, 2 Vet.App. 181, 185 (1992) (determination whether evidence is "new and material" is a question of law, subject to de novo review in this Court). The Court will address the issues presented in the parties' briefs and will consider any issues not pressed—such as the issue of reopening—to have been abandoned. See Bucklinger v. Brown, 5 Vet.App. 435, 436 (1993).

■ The appellant contends in his pleadings, however, that remand is required because §§ 3.303(c), 4.9, and 4.127, to the extent that they prohibit establishment of service connection for a personality disorder, exceed the scope of the Secretary's statutory authority and must be overturned. See 38 U.S.C. § 7261(a)(3)(C) (Court shall "hold unlawful and set aside ... rules and regulations issued or adopted by the [Secretary] ... found to be ... in excess of statutory jurisdiction, authority, ... or in violation of a statutory right"); Winn v. Brown, 8 Vet.App. 510, 514 (1996) (sustaining § 3.303(c) as within Secretary's authority to prescribe regulations). However, even if those regulations were struck, there still would be no evidence, new and material or otherwise, that the appellant's personality disorder is a disabling "personal injury ... or disease" for which service connection could be established under chapter 11 of title 38, U.S.Code. 38 U.S.C. § 1110; see DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (4th ed.) 629 (defining personality disorder as "an enduring pattern of inner experience and behavior that deviates markedly from the expectations of the individual's culture ... and leads to distress or impairment"). In asking this Court to reach the question of the validity of the regulations absent new and material evidence, the appellant seeks, in essence, to launch a collateral attack on the prior, final RO decision, and to reopen that decision on the basis of argument, not evidence. The statutory scheme clearly precludes such an attack. See 38 U.S.C. §§ 5108, 7104(b).

Because the absence of new and material evidence precludes the reopening of the appellant's claim, any decision by this Court as to the validity of these regulations would be purely advisory. Thus, there is no justiciable case or controversy, and dismissal is the appropriate remedy. *See Waterhouse v. Principi,* 3 Vet.App. 473, 475 (1992); *Mokal v. Derwinski,* 1 Vet.App. 12, 15 (1990). Accordingly, upon consideration of the foregoing, this appeal is DISMISSED.