PER CURIAM.
 

 Jessica M. Lofton appeals from the decision of the Court of Appeals for Veterans Claims affirming the denial of her request for dependency and indemnity compensation (DIC) based on the death of her husband, an Army serviceman. The Department of Veterans Affairs (DVA) denied her request on the ground that she had intentionally and wrongfully killed her husband and that a DVA regulation barred her from recovering DIC benefits for that reason. She subsequently sought to reopen her claim based on new and material evidence. In that proceeding, she attempted to challenge the validity of the regulation on which the DVA had relied in the previous denial of her claim. The Court of Appeals for Veterans Claims denied relief, and we affirm.
 

 I
 

 Ms. Lofton is the surviving spouse of Ronald Lofton, who served on active duty in the United States Army until his death in June 1984 as a result of gunshot wounds inflicted by Ms. Lofton. Ms. Lofton was convicted of second degree murder for killing her husband, but the conviction was reversed because of an error in the instructions given to the jury. Ms. Lofton subsequently pleaded guilty to voluntary manslaughter and was sentenced to 10 years in prison.
 

 In 1990 Ms. Lofton filed a claim for DIC benefits with a regional office of the DVA. The regional office denied the claim on the ground that Ms. Lofton had intentionally and wrongfully caused Mr. Lofton’s death. In denying Ms. Lofton’s claim, the regional office relied on 38 C.F.R. § 3.11, which provides that “[a]ny person who has inten
 
 *848
 
 tionally and wrongfully caused the death of another person is not entitled to pension, compensation, or dependency and indemnity compensation ... by reason of such death.” Ms. Lofton did not appeal, and the regional office’s decision became final.
 

 In 1993 Ms. Lofton filed another claim for DIC benefits and attached a copy of the opinion reversing her second degree murder conviction. The regional office again denied her claim. Ms. Lofton filed a notice of disagreement with the regional office’s decision. The regional office issued a statement of the case, citing 38 C.F.R. § 3.11 as the legal basis for its decision. Ms. Lofton then appealed to the Board of Veterans’ Appeals. At a hearing before the Board she testified that she had killed Mr. .Lofton because he had sexually abused her daughter and that she had to kill him in order to prevent further acts of abuse. To support her allegation of abuse, Ms. Lofton discussed the circumstances that led to a charge of aggravated incest against Mr. Lofton in 1983.
 

 The hearing officer determined that notwithstanding her explanation for her actions, Ms. Lofton had intentionally and wrongfully killed Mr. Lofton and that she was therefore ineligible for compensation. Ms. Lofton subsequently submitted additional evidence, including various legal documents related to the charge of aggravated incest against Mr. Lofton and a psychological examination of Ms. Lofton’s daughter conducted in connection with that proceeding.
 

 In a supplemental statement of the case, the regional office noted that the 1990 claim was final and that new and material evidence was required to reopen Ms. Lof-ton’s claim. Ms. Lofton’s new evidence was not material, the regional office concluded, because it would not change the outcome dictated by 38 C.F.R. § 3.11. A veterans’ service organization responded on Ms. Lofton’s behalf, arguing that the new evidence demonstrated that Ms. Lof-ton was defending her child when she shot Mr. Lofton and that her conduct was therefore not intentional and wrongful.
 

 The Board determined that Ms. Lofton had not submitted new and material evidence that would justify reopening her claim.
 
 See
 
 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a). The Board found the evidence to be both new and relevant, but not material, because there was no reasonable possibility that it would change the outcome of the case. In reaching that determination, the Board concluded that her conviction of voluntary manslaughter established that she had intentionally and wrongfully caused Mr. Lofton’s death and that she had acted without legal justification or excuse. According to the Board, the only legal justification or excuse sufficient to render the killing not wrongful would be defense of self or another from imminent harm. Because Mr. Lofton was not directly threatening harm to Ms. Lofton’s daughter at the moment of the shooting, the Board concluded, the homicide was not justified or excused and thus was wrongful.
 

 Ms. Lofton appealed the Board’s decision to the Court of Appeals for Veterans Claims. In her brief on appeal, she challenged the validity of 38 C.F.R. § 3.11, arguing that section 3.11 exceeds the Secretary’s statutory authority because it does not incorporate an exception for justifiable homicide. Alternatively, Ms. Lofton claimed that the Board should not be bound by notions of wrongful conduct imported from criminal law. The court rejected her arguments, holding that a challenge to the regulation could not be the basis for reopening the claim for new and material evidence, and that Ms. Lofton’s conviction for voluntary manslaughter established that the killing was wrongful.
 

 II
 

 A
 

 The Court of Appeals for Veterans Claims decided that Ms. Lofton’s new evidence was not material because it did not
 
 *849
 
 give rise to a reasonable possibility that the outcome of the case would be changed. The court’s test for materiality essentially tracked that of
 
 Colvin v. Derwinski,
 
 1 Vet.App. 171, 174 (1991). During the pendency of Ms. Lofton’s appeal to this court, we decided
 
 Hodge v. West,
 
 155 F.3d 1356 (Fed.Cir.1998), in which we rejected the Colvin test as inconsistent with the regulation defining the term “new and material evidence.” In light of this court’s decision in
 
 Hodge,
 
 the government suggests that we remand this case to allow the Court of Appeals for Veterans Claims to determine whether Ms. Lofton’s most recent submission constitutes “new and material evidence” under the proper standard. Ms. Lofton, however, conceded at oral argument and in her reply brief that the evidence she presented would not be new and material unless her challenge to 38 C.F.R. § 3.11 were upheld. We therefore see no need to remand the case to the Court of Appeals for Veterans Claims on the basis of Hodge, and instead we turn to Ms. Lofton’s challenge to the validity of the regulation.
 

 B
 

 Ms. Lofton asserts before this court that, in determining whether she is entitled to reopen her claim on the basis of new and material evidence, the Court of Appeals for Veterans Claims should have entertained her legal challenge to the validity of 38 C.F.R. § 3.11. To support her contention, she relies on 38 U.S.C. § 7261, which provides that “to the extent necessary to its decision and when presented,” the court shall:
 

 (1) decide all relevant questions of law
 

 (3) hold unlawful and set aside ... regulations issued or adopted by the Secretary ... found to be—
 

 (A)arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 

 (B) contrary to constitutional right, power, privilege, or immunity;
 

 (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or
 

 (D) without observance of procedure required by law....
 

 38 U.S.C. § 7261(a). Ms. Lofton contends that section 3.11 was necessary and relevant to the court’s decision because the court relied on section 3.11 in evaluating the materiality of the new and relevant evidence offered by Ms. Lofton. In addition, the parties agree that Ms. Lofton clearly presented the issue of the regulation’s validity to the Court of Appeals for Veterans Claims. Therefore, she asserts, section 7261 required that court to consider her challenge to the regulation.
 

 The Court of Appeals for Veterans Claims did not reach the issue of the regulation’s validity. Citing
 
 Wilkins v. Brown,
 
 8 Vet.App. 555, 556 (1996), the court held that a challenge to the validity of a regulation cannot provide the basis for reopening a claim for new and material evidence, even if Ms. Lofton’s new evidence would be material in the absence of the regulation. Ms. Lofton challenges that ruling, contending that it is inconsistent with section 7261 and 38 U.S.C. § 5108, the statute that authorizes the DVA to reopen cases to consider new and material evidence.
 

 We find it unnecessary to decide whether a challenge such as Ms. Lofton’s can be raised in the context of a request to reopen a claim for new and material evidence. Even assuming that Ms. Lofton is correct that a claimant in her position is entitled to raise new legal issues in the context of a new and material evidence proceeding, we conclude that Ms. Lofton would not prevail on the merits of her challenge to the validity of the DVA regulation. She therefore is not entitled to relief on the legal claims she has pursued in this court.
 

 Ms. Lofton makes two arguments in support of her challenge to the validity of 38 C.F.R. § 3.11. First, she contends
 
 *850
 
 that section 3.11 is invalid because it “is not a reasonable interpretation of 38 U.S.C. § 1310,” the statute that confers DIC benefits on a deceased veteran’s survivors. Ms. Lofton notes that statute does not contain an exception that bars a veteran’s survivor from obtaining DIC benefits if the survivor intentionally and wrongfully killed the veteran. Because the statute contains no such exception, Ms. Lofton argues that the DVA is not permitted to create such an exception by regulation.
 

 The DVA may promulgate regulations that are “necessary or appropriate to carry out the laws administered by the Department and are consistent with those laws.” 38 U.S.C. § 501(a). That statute, of course, does not authorize the DVA to promulgate regulations that are contrary to congressional enactments. A regulation does not contradict the statutory scheme, however, simply because it addresses an issue on which the scheme is silent. As long as the regulation constitutes a reasonable “gap-filling” measure, the DVA may promulgate such a regulation without violating its statutory mandate.
 
 See Gilpin v. West,
 
 155 F.3d 1353, 1355-56 (Fed.Cir.1998), ce
 
 rt. denied,
 
 526 U.S. 1144, 119 S.Ct. 2019, 143 L.Ed.2d 1031 (1999).
 

 The regulation at issue in this case, 38 C.F.R. § 3.11, is an entirely reasonable gap-filling measure. Although the statute is silent as to the issue addressed by the regulation, it is highly unlikely that Congress would have intended to confer DIC benefits on persons whose claims to those benefits result from their own acts of intentional and wrongful homicide. To the contrary, Congress legislates against a common law background, and section 3.11 simply codifies a long-standing common law principle known as the “slayer’s rule,” which bars wrongdoers from obtaining insurance and other benefits as a direct consequence of their wrongful acts.
 
 See, e.g., Metropolitan Life Ins. Co. v. White,
 
 972 F.2d 122, 124 & n. 15 (5th Cir.1992) (holding that under the federal common law rule a conviction for murder conclusively bars payment of insurance proceeds to the killer of the insured);
 
 Shoemaker v. Shoemaker,
 
 263 F.2d 931, 932 (6th Cir.1959) (per curiam) (applying the “equitable principle that no person should be permitted to profit from his own wrong” to bar payments under the National Service Life Insurance Act (currently codified at 38 U.S.C. §§ 1901-1929) to a wife who shot her husband, even though the Act had no such provision);
 
 see also New York Mut. Life Ins. Co. v. Armstrong,
 
 117 U.S. 591, 600, 6 S.Ct. 877, 29 L.Ed. 997 (1886) (“It would be a reproach to the jurisprudence of the country, if one could recover insurance money payable on the death of a party whose life he had feloniously taken.”). In light of the universality of the common law rule and the fact that Congress did not foreclose its application, the DVA acted reasonably in promulgating a regulation codifying the slayer’s rule and applying it to DIC benefits.
 

 In her second argument challenging the validity of section 3.11, Ms. Lofton asserts that the regulation is impermissi-bly overbroad and vague. Her complaint focuses primarily on the fact that the regulation contains no definition of the terms “intentionally” or “wrongfully” and thus could reach all situations in which the claimant caused the veteran’s death. There is no force whatsoever to this argument.
 

 Terms such as “intentionally” and “wrongfully” are frequently used in the law without further definition.
 
 See, e.g.,
 
 18 U.S.C. §§ 654 (wrongfully), 669(a) (intentionally), 1017 (wrongfully); 21 U.S.C. § 848(e)(1)(A), (n)(l) (intentionally). Statutes containing those terms, even criminal statutes, have not been held constitutionally invalid on the ground that the terms are not more explicitly defined. In addition, the vagueness challenge must be examined in light of the facts of the ease at hand if First Amendment rights are not involved.
 
 See United States v. Mazurie,
 
 419 U.S. 544, 550, 95 S.Ct. 710, 42 L.Ed.2d
 
 *851
 
 706 (1975). On her plea of guilty, Ms. Lofton was convicted of the crime of voluntary manslaughter. As the Board of Veterans’ Appeals correctly noted, Ms. Lof-ton’s conviction established as a matter of law that she intentionally and wrongfully killed Mr. Lofton.
 

 Ms. Lofton further argues that the regulation is overbroad because it could prohibit the payment of benefits to a surviving spouse that mistook her husband for a burglar and mistakenly shot and killed him. In such a case, the defense of mistake would undoubtedly be available to the surviving spouse, and the killing would therefore not be considered wrongful. In any event, the fact that close cases may arise under the regulation does not render the regulation invalid in cases such as this one that are not close. The overbreadth doctrine that has been applied when certain constitutional rights are at issue,
 
 see, e.g., Cabell v. Chavez-Salido,
 
 454 U.S. 432, 441 n. 8, 102 S.Ct. 735, 70 L.Ed.2d 677 (1982), is inapplicable in a case such as this one, involving simply a statutory claim for financial benefits,
 
 see Dandridge v. Williams,
 
 397 U.S. 471, 484-85, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).
 

 In sum, Ms. Lofton’s challenge to the validity of 38 C.F.R. § 3.11 is meritless as a matter of law. Consequently, even if the Court of Appeals for Veterans Claims should have addressed her challenge to the regulation, the court would have been required to reject her argument on the merits. We therefore uphold the judgment against her.
 

 AFFIRMED.