# United States Court of Appeals
# for the Federal Circuit

_____

**NATIONAL ORGANIZATION OF VETERANS
ADVOCATES, INC.,**
*Petitioner*

**v.**

**SECRETARY OF VETERANS AFFAIRS,**
*Respondent*

_____

2015-7024

_____

Petition for review pursuant to 38 U.S.C. Section 502.

_____

Decided: January 13, 2016

_____

KENNETH M. CARPENTER, Law Offices of Carpenter
Chartered, Topeka, KS, argued for petitioner.

ELIZABETH MARIE HOSFORD, Commercial Litigation
Branch, Civil Division, United States Department of
Justice, Washington, DC, argued for respondent. Also
represented by BENJAMIN C. MIZER, ROBERT E.
KIRSCHMAN, JR.; Y. KEN LEE, AMANDA R. BLACKMON,
Office of General Counsel, United States Department of
Veterans Affairs, Washington, DC.

_____

Before LOURIE, BRYSON, and STOLL, *Circuit Judges.*

BRYSON, *Circuit Judge.*

The National Organization of Veterans' Advocates, Inc. ("NOVA") petitions this court for review of certain regulations promulgated by the Department of Veterans Affairs ("DVA"). The challenged regulations, which are codified at 38 C.F.R. §§ 3.1010, 20.900(a)(2), and 20.1302 (2015), were intended to implement the Veterans' Benefits Improvement Act of 2008, Pub. L. No. 110-389, 122 Stat. 4145 (2008). The regulations relate to the process by which an eligible survivor may be substituted for a veteran who dies while the veteran's claim for benefits is pending before the DVA or on appeal to the Board of Veterans' Appeals.

I

Prior to the enactment of the Veterans' Benefits Improvement Act, if a veteran seeking DVA benefits died while his claim was pending, the veteran's survivor could not take the place of the veteran and continue to prosecute the claim. Instead, the survivor would have to file a claim for accrued benefits under 38 U.S.C. § 5121. As the accrued benefits claim was treated as separate from the veteran's claim, the survivor would have to proceed from the beginning of the adjudication process, regardless of how far the veteran's claim had progressed. *See Zevalkink v. Brown*, 102 F.3d 1236, 1241 (Fed. Cir. 1996).

The 2008 Act sought to remedy that situation. Section 212 of the Act, codified as 38 U.S.C. § 5121A, authorizes eligible survivors to be "substituted as the claimant for the purposes of processing the claim to completion." Those eligible to substitute for the deceased claimant are the same individuals who would be eligible to pursue an

accrued benefits claim.[1]    *See* 38 U.S.C. §§ 5121A, 5121(a)(2).

In 2011, the DVA proposed regulations to implement section 5121A. Substitution in Case of Death of Claimant ("Proposed Rule"), 76 Fed. Reg. 8,666 (Feb. 15, 2011). After notice and an opportunity for comment, the DVA published the final version of the regulations. Substitution in Case of Death of Claimant ("Final Rule"), 79 Fed. Reg. 52,977 (Sept. 5, 2014).

The regulations require a request to substitute to be filed with the agency of original jurisdiction (such as one of the DVA's regional offices) within one year of the claimant's death; the prospective substitute is required to submit evidence of his eligibility to substitute. 38 C.F.R. § 3.1010; *see* DVA Form 21-0847. The regulations further provide that if the claimant died while his appeal was pending before the Board of Veterans' Appeals, the Board must dismiss the appeal without prejudice so that the agency of original jurisdiction can address the substitution request. If the agency of original jurisdiction grants the request to substitute, then the case returns to the same place on the Board's docket that it held at the time of the veteran's death. 38 C.F.R. §§ 20.1302, 20.900.

NOVA filed an original proceeding in this court under 38 U.S.C. § 502 to review the new DVA regulations. Although NOVA argues that the regulations are unlawful in two respects, we reject NOVA's contentions and deny the petition for review.

---

[1]    In most cases the claimant is a veteran seeking benefits for a service-connected disability. However, the claimant may also be a non-veteran seeking benefits directly. *See, e.g.* 35 U.S.C. §§ 1310, 1313, 1314, and 1315. In the context of section 5121A, we use veteran and claimant interchangeably.

## II

NOVA first challenges the requirement that prospective substitutes provide evidence of their eligibility in all cases. In some cases a veteran receiving disability benefits is entitled to receive additional benefits because of his dependents. Those same dependents may also be eligible to substitute for that veteran after his death. *Compare* 38 U.S.C. § 1115 *with id.* § 5121(a).

NOVA argues that when a claimant before the Board has been receiving additional benefits because of a spouse, child, or dependent parents, the Board should allow the prospective substitutes to move to be substituted and have the Board determine eligibility based on the material the DVA already has in the deceased claimant's file. According to NOVA, the aspect of the regulation requiring the claimant's relatives to provide evidence of their eligibility to substitute when the DVA already has evidence of their status in its files is arbitrary and capricious.

The DVA responds that the pertinent provision of the 2008 Act, 38 U.S.C. § 5121A, requires all prospective substitutes to submit evidence of their eligibility, and that the regulation, which embodies the same requirement, is therefore entirely lawful.

The relevant portion of section 5121A states:

(1) If a claimant dies while a claim for any benefit under a law administered by the Secretary, or an appeal of a decision with respect to such a claim, is pending, a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title may, not later than one year after the date of the death of such claimant, file a request to be substituted as the claimant for the purposes of processing the claim to completion.

(2) Any person seeking to be substituted for the claimant shall present evidence of the right to claim such status within such time as prescribed by the Secretary in regulations.

The DVA interprets section 5121A to require the prospective substitute to put forward evidence of eligibility to substitute. Eligibility to substitute under section 5121A is governed by subsection 5121(a), which determines eligibility based on the person's relationship to the veteran at the time of death. It provides that the persons eligible to substitute are, in order of preference, the claimant's spouse, his children, and his dependent parents. 38 U.S.C. § 5121(a)(2).

Under the statutory scheme, eligibility to substitute has three requirements: the claimant must have died during the pendency of his claim, the prospective substitute must be alive at the time of the claimant's death, and the prospective substitute must be first in priority (for example, a spouse would have priority in substitution over a child). Because the status of a potential substitute is not static, eligibility to substitute can be conclusively determined only at the time of the claimant's death.

While it is possible that the individuals the claimant certifies as his spouse, children, or dependent parents at some point during his lifetime will still occupy that status at the time of the claimant's death, it is not certain that will be the case. Due to divorce, death, or a change in dependency status, the person who appears to be eligible to substitute based on the DVA's records may not in fact be eligible.

Both the statute and the regulation explicitly put the burden on the prospective substitute to prove eligibility to substitute, and in similar language. By its terms, the statute requires the prospective substitute to "present evidence of the right to claim such status." 38 U.S.C. § 5121A(a)(2). In that respect, the statute appears to be

unambiguous; the requirement to "present evidence" would appear to apply in every case. The regulations use language that closely tracks that of the statute. It provides that "[a] person filing a request to substitute must provide evidence of eligibility to substitute." 38 C.F.R. § 3.1010(d). The regulation thus cannot be faulted for being inconsistent with the statutory directive.

Even assuming the statute is not deemed to be entirely unambiguous in requiring a prospective substitute to provide evidence of eligibility, we must defer to the DVA's interpretation of the statutory provision if we find it to be reasonable. *Chevron, U.S.A., Inc. v. Nat. Res. Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984); *Guerra v. Shinseki*, 642 F.3d 1046, 1049 (Fed Cir. 2011). As the DVA pointed out in the comments that accompanied the issuance of the regulations, various events, such as divorce, remarriage, or the birth of a child could make the information in the veteran's file at time of his death inaccurate. *See* Final Rule, 79 Fed. Reg. at 52,980.

For example, suppose a veteran has a dependent mother and receives additional benefits on her account. *See* 38 U.S.C. § 1115. If the veteran fathered a child, but has not yet informed the DVA about the child so that he could receive additional benefits, then the DVA's records would reflect that the veteran's mother was eligible to substitute in the event of the veteran's death. Under subsection 5121A, however, it would be the veteran's newborn child who would be eligible to substitute and not the veteran's mother, because a child has a higher priority than a dependent parent. *See* 38 U.S.C. § 5121(a)(2). Requiring the prospective substitute to provide evidence of eligibility to substitute is thus a reasonable measure to ensure that the DVA has the current and accurate information it needs to promptly process substitution requests.

NOVA argues that it is inappropriate for this court to accord *Chevron* deference to the DVA's interpretation of

section 5121A because "interpretive doubt is to be resolved in the veteran's favor." *Brown v. Gardner*, 513 U.S. 115, 118 (1994). However, this court has held that "where the meaning of a statutory provision is ambiguous, we must take care not to invalidate otherwise reasonable regulations simply because they do not provide for a pro-claimant outcome in every imaginable case." *Sears v. Principi*, 349 F.3d 1326, 1331-32 (Fed. Cir. 2003).

We have applied *Chevron* deference to the DVA's reasonable interpretation of the statutes that it administers in numerous other cases. *See, e.g.*, *Nat'l Org. of Veterans' Advocates v. Sec'y of Veterans Affairs*, 669 F.3d 1340, 1347-48 (Fed. Cir. 2012) ("Because Congress has not spoken directly to the issue raised in the rule, we must determine whether the regulation is otherwise permissible."); *Guerra v. Shinseki*, 642 F.3d at 1051-52 ("By regulation, the DVA has interpreted subsection 1114(s) to provide that in order to qualify for benefits under that statute, the veteran must have a single disability rated at 100%. That interpretation is entitled to deference under the principles of [*Chevron*]."); *Haas v. Peake*, 544 F.3d 1306, 1308 (Fed. Cir. 2008) ("Thus, although Mr. Haas argues that the *Brown* [*v. Gardner*] doctrine effectively means that the DVA is not entitled to deference if its rulemaking resolves a statutory ambiguity, this court's precedent is to the contrary."). There is no force to NOVA's suggestion that the DVA's interpretations are not entitled to *Chevron* deference because of *Gardner*.

## III

NOVA also challenges the regulatory provisions that apply when the claimant dies while his case is pending before the Board of Veterans' Appeals. The regulations provide as follows:

> An appeal pending before the Board of Veterans' Appeals when the appellant dies will be dismissed without prejudice. A person eligible for substitu-

tion under § 3.1010 of this chapter may file with
the agency of original jurisdiction a request to
substitute for the deceased appellant.  If the agen-
cy of original jurisdiction grants the request to
substitute, the case will assume its original place
on the docket pursuant to Rule 900
(§ 20.900(a)(2)).

38 C.F.R. § 20.1302(a).  Rule 900 states in relevant por-
tion:

A case returned to the Board following the grant
of a substitution request or pursuant to an appeal
of a denial of a substitution request assumes the
same place on the docket held by the deceased ap-
pellant at the time of his or her death.  Pursuant
to paragraph (c) of this section, if the deceased
appellant's case was advanced on the docket prior
to his or her death, the substitute will receive the
benefit of the advanced placement.

38 C.F.R. § 20.900(a)(2).  NOVA argues that the require-
ment of a remand to the agency of original jurisdiction is
also unlawful. When information about the claimant's
relatives is on file at the time of the claimant's death,
NOVA argues that the Board should decide the request to
substitute in the first instance, rather than dismiss the
appeal and remit the matter to the agency of original
jurisdiction to decide the substitution issue.

Importantly, section 5121A provides that substitution
under the new statute "shall be in accordance with such
regulations as the Secretary [of Veterans Affairs] may
prescribe."  38 U.S.C. § 5121A(a)(3).  That delegation of
rulemaking authority gives the Secretary broad power to
fill the gap explicitly left by Congress for the agency to
fill.  In such cases, where there has been an "express
delegation of authority to the agency to elucidate a specif-
ic provision of the statute by regulation," the ensuing
legislative rules "are given controlling weight unless they

are arbitrary, capricious, or manifestly contrary to the statute." *Chevron*, 467 U.S. at 843-44; *see also Hacker v. United States*, 613 F.3d 1380, 1383 (Fed. Cir. 2010); *Lofton v. West*, 198 F.3d 846, 850 (Fed. Cir. 1999); *Travelstead v. Derwinski*, 978 F.2d 1244, 1250 (Fed. Cir. 1992). The regulations governing the disposition of appeals pending before the Board at the time of the claimant's death easily satisfy that standard.

In the course of promulgating the regulation, the DVA addressed the argument that the Board should decide substitution issues that arise when a claimant dies while the case is pending before the Board. Noting that the Board's jurisdiction limits it to deciding appeals, the DVA explained in the remarks accompanying the proposed rules that the Board "cannot entertain requests to substitute in the first instance." Proposed Rule, 76 Fed. Reg. at 8,668. Moreover, the DVA explained that "allowing the Board to decide a substitution request would deprive the survivor of the right to the 'one review on appeal' mandated by 38 U.S.C. § 7104(a)." Final Rule, 79 Fed. Reg. at 52,979. The Board's jurisdictional statute states:

> All questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board.

38 U.S.C. § 7104(a). The DVA concluded that, consistent with the "one review on appeal" principle, the agency of original jurisdiction should first decide whether to allow substitution, which would enable a dissatisfied prospective substitute to obtain Board review of the substitution issue on appeal. If the Board were to decide the substitution issue in the first instance, there would be no appellate recourse for the claimant within the DVA.

Finally, the Board is an appellate tribunal and is not well equipped to conduct the fact-gathering that may be

necessary to determine eligibility for substitution. It was reasonable for the DVA to conclude that the agencies of original jurisdiction are better suited to perform that task.

In sum, in light of the broad authority Congress gave to the Secretary to promulgate regulations administering section 5121A, the Secretary's decision to commit the eligibility decision to the agencies of original jurisdiction in the first instance is not arbitrary, capricious, or manifestly contrary to the statute. We therefore reject NOVA's challenges to the regulations.

No costs.

**PETITION DENIED**